STATE v. DURWOOD REESE SWARINGEN AND GEORGE LESLIE THOMAS.

(Filed 8 October, 1958.)

**1. Criminal Law § 32—**

Defendants' pleas of not guilty place the burden on the State of proving beyond a reasonable doubt each essential element of the offenses charged.

**2. Criminal Law § 108—**

In the absence of a judicial admission, the assumption by the court that any fact controverted by defendant's plea of not guilty has been established, is error, notwithstanding the expression of opinion may have been unintentional or inadvertent, and notwithstanding the manner in which counsel examined the witnesses or argued the case to the jury.

**3. Automobiles § 74—**

In prosecutions under G.S. 20-138 and G.S. 20-140, it is error for the court, in the face of defendants' pleas of not guilty, to assume in its

charge that it had been established that one of the defendants was operating the motor vehicle at the time in question.

PARKER. J., not sitting.

APPEAL by defendants from *Crissman, J.,* March 3, 1958 Term of JONES.

Defendant Swaringen was charged in a bill of indictment with (a) operating a motor vehicle while under the influence of intoxicating liquors in violation of G.S. 20-138, and (b) careless and heedless operation of a motor vehicle in violation of G.S. 20-140.

Thomas was charged in a bill of indictment with a violation of G.S. 20-138 by aiding and abetting Swaringen in the operation of a motor vehicle while Swaringen was under the influence of intoxicating liquors.

The State submitted to a nol pros as to the second count in the bill which charged Swaringen with reckless driving in violation of G.S. 20-140. The causes were consolidated. Each defendant entered a plea of not guilty. The jury found defendants guilty. Judgment was entered on the verdict and defendants appealed.

*Attorney General Seawell and Assistant Attorney General McGalliard, for the State*
*Larkins & Brock for defendant appellants.*

RODMAN, J. The crime with which defendant Swaringen was charged consists of two essential elements: (1) driving a motor vehicle on the public highways, and (2) operation of such vehicle while under the influence of intoxicating liquors. *S. v. Hairr,* 244 N.C. 506, 94, S.E. 2d 472.

The criminal charge directed at defendant Thomas consists of these two elements plus the asserted fact that he aided and abetted in such operation.

Defendants' pleas of not guilty put in issue each essential element of the crimes charged. *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537; *S. v. Cuthrell,* 233 N.C. 274, 63 S.E. 2d 549; *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121; *S. v. Yow,* 227 N.C. 585, 42 S.E. 2d 661.

The State had the burden of establishing beyond a reasonable doubt each element of the crime. Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established. G.S. 1-180.

The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error. *S. v. Cuthrell,* 235 N.C. 173, 69 S.E. 2d 233; *S. v. Love,* 229 N.C. 99, 47 S.E. 2d 712; *S. v. Snead,* 228 N.C. 37, 44 S.E. 2d, 359; *S. v. Minton,* 228 N.C. 15, 44 S.E. 2d 346; *Ward v. Mfg. Co.,* 123 N.C. 248.

The fact that the expression of opinion was unintentional or inadvertent does not make it less prejudicial. *S. v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173; *Miller v. R.R.,* 240 N.C. 617, 83 S.E. 2d 533; *S. v. Shinn,* 234 N.C. 397, 67 S.E. 2d 270; *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568.

Nor does the manner in which counsel examines the witnesses or argues the case to the jury justify the court in assuming the existence of an essential fact. *S. v. Ellison,* 226 N.C. 628, 39 S.E. 2d 824. There must be a judicial admission before the existence of an essential element of a crime can be stated as a fact. *S. v. Hairr, supra.*

The State put on only one witness who testified he saw the car in operation. He swore three people were on the front seat, that Swaringen was driving, Thomas sat next to him, and the third person was on the extreme right. This witness expressed the opinion that Swaringen was under the influence of intoxicants. There was other evidence tending to establish that Swaringen was in an intoxicated condition shortly after the automobile ran into a tree. There was evidence tending to show a confession of Thomas that he owned and had control of the automobile and permitted Swaringen to operate it with knowledge of Swaringen's condition. The evidence offered by the State was ample to go to the jury and support a verdict of guilty.

Defendants offered no evidence but relied on their pleas of not guilty and the presumption of innocence raised thereby.

The court, after reading the statute, G.S. 20-138, told the jury: "Now in this case the defendant Swaringen was the driver of the vehicle, the motor vehicle; he is charged with actually driving on a public highway while under the influence of some intoxicating beverage; and the defendant Thomas is charged with being an aider or an abetter and charged as a principal, because of the situation."

Defendants excepted to the foregoing charge.

The statement in the quoted portion that Swaringen was the driver of the vehicle was emphasized when the court came to give the contentions of the State and of defendants. The State's contention was expressed in this manner: "Now, members of the jury, the State says and contends from this evidence that you should be satisfied beyond a reasonable doubt that the defendant Swaringen was under the influence of an intoxicating beverage as he drove this motor vehicle across Highway 17 from a street in Maysville, and that therefore you ought to return a verdict of guilty as to him . . ."

The contentions of the defendants were stated thus: "Now, members of the jury, the defendants, on the other hand, say and contend that there isn't any evidence here that would be sufficient to satisfy you that either one of them was under the influence to the point where

ROEBUCK *v.* NEW BERN.

either their mental or physical faculties were appreciably impaired and cause them not to have the normal control . . ."

It is true that the court charged the jury that to convict it had to find beyond a reasonable doubt that defendant Swaringen was at the time charged driving the automobile on a public highway, and that he had drunk a sufficient quantity of intoxicating beverage to cause him to lose the normal control of his bodily or mental faculties; but a reading of the entire charge impels the conclusion that the only controverted fact which the jury was expected to determine was whether Swaringen was under the influence of intoxicating liquors.

Before Swaringen could be convicted the jury had to find, without an intimation or expression of opinion from the trial judge, that he was operating a motor vehicle on the highways. Since the jury has not found, on a charge free from a prohibited expression of opinion, that Swaringen was the operator of the motor vehicle, it follows that neither defendant has been properly convicted of the crimes charged in the bills of indictment.

New Trial.

PARKER, J., not sitting.