STATE OF NORTH CAROLINA v. GEORGE MITCHELL.

(Filed 25 September 1963.)

1. Intoxicating Liquor §§ 13b, c, d—

Evidence tending to show that an officer followed an automobile into a driveway, had his headlights shining on the car, saw a person sitting in

the car, and saw defendant get out of the car on its left side, saw through the back window of the car jars of clear liquid, searched the car and found 30 gallons of nontaxpaid whiskey therein, and that defendant fled, *is held* sufficient to overrule nonsuit on the charges of possession of alcoholic beverages upon which the Federal and State taxes had not been paid, G.S. 18-48, possession of such liquor for the purpose of sale, G.S. 18-50, and with the unlawful transportation of such liquor for the purpose of sale, G.S. 18-2.

**2. Indictment and Warrant § 5—**

The provisions of G.S. 9-27 are directory and not mandatory, and the absence of an endorsement upon the back of an indictment indicating that witnesses were duly examined is not sufficient to overcome the presumption of the validity of the indictment arising from its return by the grand jury as "a true bill," and, in the absence of a motion to quash or motion in arrest of judgment, supported by evidence, an assignment of error to the indictment on this ground will not be sustained.

**3. Criminal Law § 32—**

Defendant's plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offenses charged in the indictment, and places the burden upon the State to prove beyond a reasonable doubt each of the essential elements of the offenses.

**4. Criminal Law § 108—**

The court may not intimate in its charge that any controverted fact had or had not been established. G.S. 1-180.

**5. Intoxicating Liquor § 15—**

Upon defendant's plea of not guilty to charges of possession of alcoholic beverages upon which the Federal and State taxes had not been paid, and unlawful possession and transportation of such beverages for the purpose of sale, it is error for the court to charge the jury that defendant did not challenge whether the liquor was nontaxpaid or the question of who had it for what purpose, but simply denied that he was the driver of the car in which the patrolman found the whiskey being transported, since the burden remains upon the State, upon defendant's plea of not guilty, to prove each essential element of the offenses charged.

APPEAL by defendant from *Mintz, J.,* March 1963 Session of JONES.

Criminal prosecution on an indictment charging defendant in the first count on 21 July 1962 with unlawfully having in his possession alcoholic beverages upon which the taxes imposed by the laws of the Congress of the United States and by the laws of this State have not been paid; in the second count on said date with the unlawful possession of such alcoholic beverages for the purpose of sale; and in the third count on said date with the unlawful transportation for the purpose of sale of such alcoholic beverages.

Plea: Not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, suspended upon payment of a $500 fine and costs, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*Donald P. Brock for defendant appellant.*

PARKER, J.   The State's evidence shows these facts: About 2:00 a.m. on 21 July 1962 B. O. Mercer, a State highway patrolman, saw a Ford automobile traveling south on Highway 17 turn on Highway 58, and proceed toward Trenton ahead of him. This automobile continually increased its speed until it reached 90 miles an hour near Oliver's Crossroads, when it slowed down and headed into a driveway. Mercer pulled immediately to the side of this automobile with his headlights shining in the automobile. A Negro was sitting in it. When Mercer got out of his patrol car and was standing by the door, the defendant George Mitchell got out of the left side of the Ford automobile. Mercer's headlights were shining on him. The defendant started toward Mercer, and then turned and ran around a house. Mercer saw through the back window of the Ford automobile jars of a clear liquid. The Ford automobile was searched by Mercer and the sheriff, and they found in it 30 gallons of whiskey in jugs and jars. No tax stamps were on any of the jugs and jars containing the 30 gallons of whisky. Mercer did not see the defendant again until his lawyer about a month later brought him into the sheriff's office, when the defendant gave bond. Mercer had a warrant issued against defendant on 8 or 9 August 1962.

Defendant offered no evidence.

There is no merit to defendant's assignment of error that the court erred in denying his motion for judgment of nonsuit. The State's evidence was amply sufficient to carry the case to the jury on all three counts in the indictment. G.S. 18-48; G.S. 18-50; G.S. 18-2; *S. v. Hill*, 236 N.C. 704, 73 S.E. 2d 894; *S. v. Guffey*, 252 N.C. 60, 112 S.E. 2d 734.

Defendant assigns as error that the "indictment on which the defendant was tried shows on its face that no witnesses were examined and therefore no basis for finding a true bill." This assignment of error is supported by his Exception #2, which appears below the copy of the indictment in the record without any indication of what he is excepting to, except as stated in his assignment of error. The indict-

ment, as it appears in the record, shows no mark beside the names of the witnesses written on the back of the indictment.

Defendant entered a plea of not guilty. He neither made a motion to quash the indictment nor that judgment on the conviction be arrested on the ground that the indictment was fatally defective for that it did not appear by an endorsement of the foreman of the grand jury that any person whose name appeared on the back of the indictment had been sworn and had testified before the grand jury. No evidence was offered by defendant that no witnesses were examined by the grand jury before it returned the indictment "a true bill." *S. v. Sultan,* 142 N.C. 569, 54 S.E. 841; *S. v. Davis,* 203 N.C. 47, 164 S.E. 732.

The provisions of G.S. 9-27 with respect to the foreman of the grand jury are directory and not mandatory. *S. v. Avant,* 202 N.C. 680, 163 S.E. 806. The mere absence of such an endorsement is not sufficient to overcome the presumption of the validity of the indictment arising from its return by the grand jury as "a true bill." *S. v. Lancaster,* 210 N.C. 584, 187 S.E. 802; *S. v. Lanier,* 90 N.C. 714. If this omission had been brought to the attention of the trial judge in apt time, it would doubtless have resulted in a correction of the omission, as was done in *S. v. Avant, supra,* and *S. v. Davis, supra.* This assignment of error is overruled.

Defendant assigns as error this part of the charge: "He [the defendant] doesn't challenge the question of whether or not it is tax-paid whiskey or non-tax-paid. He doesn't challenge the question of who had it for what purpose. He simply denies that he was the driver of the car and simply challenges the statement by the Patrolman that he was driving."

Defendant's plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offenses charged in the indictment, *S. v. Cooper,* 256 N.C. 372, 381, 124 S.E. 2d 91, 97, and cast upon the State the burden of proving beyond a reasonable doubt all the essential elements of the offenses charged in the three counts of the indictment. On the first count: (1) Possession of alcoholic beverages; (2) the Federal or State tax had not been paid, G.S. 18-48; (3) alcoholic content exceeding 14% by volume, G.S. 18-60. On the second count, the same things plus the fact that his possession was for the purpose of sale, G.S. 18-50. On the third count, the transportation of such alcoholic beverages for the purpose of sale, G.S. 18-2. *S. v. Pitt,* 248 N.C. 57, 102 S.E. 2d 410.

"Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established.

G.S. 1-180. The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error." *S. v. Swaringen*, 249 N.C. 38, 105 S.E. 2d 99.

A reading of the challenged part of the charge leads to the unescapable conclusion that the only controverted fact which was left to the jury to determine was whether defendant was the driver of the Ford automobile which the State's evidence shows contained 30 gallons of non-tax-paid whisky. This expression of opinion or assumption by the trial court that all the essential elements of the offenses charged in the three counts, which were controverted and put in issue by defendant's plea of not guilty, were not challenged and not denied by the defendant, except who was driving the Ford automobile which the State's evidence shows contained 30 gallons of non-tax-paid whisky, is prejudicial error. Certainly, in respect to the first two counts in the indictment, if not also in the third count, who was the driver of the Ford automobile was not an essential element of the offenses charged. This expression of opinion or assumption by the able and fair trial judge was, we are confident, unintentional, but its effect upon the defendant was disastrous, and entitles him to a

New trial.