STATE OF NORTH CAROLINA v. WILLIAM EVERETT PATTON, JR.

No. 6815SC251

(Filed 16 October 1968)

**1. Criminal Law § 169— appeal and error — exclusion of evidence**

The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had he been permitted to testify.

**2. Criminal Law § 114; Automobiles § 117— prosecution for speeding — instructions — expression of opinion on evidence**

In a prosecution upon indictment charging defendant with operating a motor vehicle upon the public highway at a speed in excess of 100 m.p.h. in a 45 m.p.h. zone, wherein the defendant pleaded not guilty and offered testimony that the excessive speed resulted from a stuck accelerator, a statement by the trial court during the course of the charge, "Well, I haven't heard any evidence that the officers were wrong about the speed," is prejudicial as an expression of opinion on the evidence. G.S. 1-180.

**3. Criminal Law § 24— effect of plea of not guilty**

Defendant's plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offense charged in the indictment and casts upon the State the burden of proving beyond a reasonable doubt all the essential elements of the offense.

**4. Criminal Law § 24— effect of plea of not guilty**

Where there is no admission by defendant and no presumption against him is raised, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted.

APPEAL by defendant from *Bailey, J.,* February 1968 Session ALAMANCE Superior Court.

By indictment proper in form, defendant was charged with op-

erating a motor vehicle upon a public highway of Alamance County at a speed in excess of 100 mph in a 45 mph speed zone.

The State's evidence consisted of testimony given by Sgt. Thomas Bray of the Burlington Police Department who testified that late on the night in question he observed defendant operating a 1960 Chevrolet in the city of Burlington; that the defendant was speeding and he pursued defendant over the streets of Burlington up to approximately 110 mph, finally apprehending him.

One Harold Tucker was riding with defendant at the time and testified as a witness for defendant. His testimony was to the effect that while defendant was driving on the Burlington streets, his accelerator became stuck and that the excessive speed occurred while the accelerator was stuck and before defendant was able to get it released.

The jury found defendant guilty as charged in the bill of indictment, and from active prison sentence imposed thereon, defendant appealed.

*Attorney General T. Wade Bruton, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*John D. Xanthos for defendant appellant.*

BRITT, J.

Defendant assigns as error the refusal of the trial judge to permit the State's witness to answer certain questions asked by defendant's counsel on cross-examination. The record fails to disclose what the answers would have been had the witness been allowed to testify.

[1]     The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer would have been had he been permitted to testify. 1 Strong, N. C. Index 2d, Appeal and Error, § 49. The assignment of error is overruled.

[2]     Defendant assigns as error a statement made by the trial judge to defendant's counsel in the presence of the jury, contending that the statement amounted to an expression of opinion by the judge in violation of G.S. 1-180.

The trial judge interrupted his charge to the jury to inquire of defendant's counsel if defendant's contentions had been correctly stated. As counsel was attempting to answer, His Honor declared: *"Well, I haven't heard any evidence that the officers were wrong about the speed. The theory of your case as I recall it is that he*

had a stuck accelerator and was unable to reduce it." (Emphasis ours.) This assignment of error is well taken.

[3, 4] Defendant's plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offense charged in the indictment, and casts upon the State the burden of proving beyond a reasonable doubt all the essential elements of the offense. *State v. Mitchell,* 260 N.C. 235, 132 S.E. 2d 481. Where there is no admission by defendant and no presumption against him is raised, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted. *State v. Stone,* 224 N.C. 848, 32 S.E. 2d 651.

In *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99, in an opinion by Rodman, J., it is said:

"The State had the burden of establishing beyond a reasonable doubt each element of the crime. Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established. G.S. 1-180.

"The assumption by the court that any fact controverted by a plea óf not guilty has been established is prejudicial error."

(Citing numerous authorities.)

In *Galloway v. Lawrence,* 266 N.C. 245, 145 S.E. 2d 861, in an opinion by Lake, J., we find the following:

"* * * 'The slightest intimation from the judge as to the weight, importance or effect of the evidence has great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial.'

"G.S. 1-180 provides: 'No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case.'

"We have said many times that this statute does not apply to the charge alone, but prohibits a trial judge from asking questions or making comments at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony of a witness."

[2] However unintentional it might have been on the part of the able trial judge, we hold that the statement complained of, made in

the presence of the jury, was violative of G.S. 1-180 and was prejudicial to the defendant.

We do not deem it necessary to consider and discuss other assignments of error brought forward in defendant's brief.

For the reasons stated, there must be a

New trial.

BROCK and PARKER, JJ., concur.