STATE OF NORTH CAROLINA v. WILLIAM A. BRINKLEY AND
CHRISTOPHER SPICER

No. 705SC589

(Filed 16 December 1970)

1. Criminal Law § 114— instructions — statement that defendants do not deny crime was committed — expression of opinion

   Where defendants entered pleas of not guilty to charges of armed robbery and there is nothing in the record to show that they made any judicial admission that the offense had actually occurred, trial court's instruction to the jury that defendants "do not deny that somebody did this, but they say they are not the men, and some other men did it, not themselves," *held* an unauthorized expression of opinion on the evidence in violation of G.S. 1-180.

2. Criminal Law §§ 24, 32— plea of not guilty — burden of the State

   Defendant's plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offense charged in the indictment and casts upon the state the burden of proving beyond a reasonable doubt all necessary elements of the offense.

3. Criminal Law § 114— assumption that controverted fact was established — expression of opinion

   The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error. G.S. 1-180.

APPEAL by defendants from *Burgwyn, Emergency Superior Court Judge*, 27 April 1970 Session of NEW HANOVER Superior Court.

Defendants were charged in separate bills of indictment with the offense of robbery with firearms (G.S. 14-87). The cases were consolidated for trial and both defendants entered pleas of not guilty. The jury returned verdicts of guilty and defendants appealed from judgments of imprisonment imposed upon the verdicts.

*Attorney General Morgan by Trial Attorney Magner and Assistant Attorney General Briley for the State.*

*Carlton S. Prickett, Jr., for defendant appellant William A. Brinkley and George Sperry for defendant appellant Christopher Spicer.*

GRAHAM, Judge.

[1] Defendants assign as error the following portion of the court's charge to the jury:

"They [defendants] do not deny that somebody did this, but they say they are not the men, and some other men did it, not themselves."

Defendants did not take the stand or offer evidence. While it may be inferred from the defendants' cross-examination of the State's witnesses that they relied for their defense, at least in part, upon a contention that they had been erroneously identified as participants in the alleged robbery, there is nothing in the record to show that they made any judicial admission that the offense had actually occurred. Consequently, that portion of the court's charge quoted above must be held as prejudicial error requiring a new trial.

[2] Defendants' plea of not guilty controverts and puts in issue the existence of every fact essential to constitute the offense charged in the indictment and casts upon the State the burden of proving beyond a reasonable doubt all necessary elements of the offense. *State v. Mitchell*, 260 N.C. 235, 132 S.E. 2d 481; *State v. Patton*, 2 N.C. App. 605, 163 S.E. 2d 542, and cases therein cited.

[3] " 'Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established. G.S. 1-180. The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error.' *S. v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99." *State v. Mitchell, supra.* In the *Mitchell* case the defendant assigned as error the trial court's statement to the jury that " 'He [the defendant] doesn't challenge the question of whether or not it is tax-paid whiskey or non-tax-paid. He doesn't challenge the question of who had it for what purpose. He simply denies that he was the driver of the car and simply challenges the statement by the Patrolman that he was driving.' " In an opinion awarding a new trial the Supreme Court stated through Justice Parker (later Chief Justice):

> "A reading of the challenged part of the charge leads to the unescapable conclusion that the only controverted fact which was left to the jury to determine was whether defendant was the driver of the Ford automobile which the State's evidence shows contained 30 gallons of non-tax-paid whisky. This expression of opinion or assumption by the trial court that all the essential elements of the offenses charged in the three counts, which were controverted and put in issue by defendant's plea of not guilty, were not challenged and not denied by the defendant, except who was driving the Ford automobile which the State's evidence shows contained 30 gallons of non-tax-paid whisky, is prejudicial error."

In the case of *State v. Patton, supra,* the trial judge interrupted his charge to the jury and inquired if defendant's contentions had been correctly stated. As defense counsel was attempting to answer, the judge declared:

> "Well, I haven't heard any evidence that the officers were wrong about the speed. The theory of your case as I recall it is that he had a stuck accelerator and was unable to reduce it."

In the opinion, written by Britt, Judge, we find the following:

> "However unintentional it might have been on the part of the able trial judge, we hold that the statement complained of, made in the presence of the jury, was violative of G.S. 1-180 and was prejudicial to the defendant."

[1]  The statement here excepted to, like the statements challenged in the cases cited above, was an unauthorized expression of opinion by the trial court in violation of G.S. 1-180.

Since a new trial will be necessary, we refrain from discussing other assignments of error made by defendants.

New trial.

Chief Judge MALLARD and Judge PARKER concur.