STATE OF NORTH CAROLINA v. HENRY TUDOR

No. 7215SC340

(Filed 24 May 1972)

1. Indictment and Warrant § 14— motion to quash — absence of "x" marks beside names of witnesses

Defendant's motion to quash the indictment on the ground that the indictment does not indicate "x" marks beside the names of the witnesses was properly denied by the trial court, since the requirement of G.S. 9-25 that the foreman of the grand jury mark on the bill the names of the witnesses sworn and examined by the grand jury is directory and not mandatory, and the mere absence of such endorsement is not sufficient to overcome the presumption of validity of the indictment arising from its return by the grand jury as a true bill.

2. **Criminal Law § 169— admission of testimony — similar testimony elicited by appellant**

The admission of testimony over objection is harmless where defendant elicits similar testimony on cross-examination.

3. **Robbery § 4— common law robbery — sufficiency of evidence**

The evidence was sufficient to support a jury verdict finding defendant guilty of common law robbery where it tended to show that defendant and a companion told the 75-year-old victim that they would give him a ride home, that they drove him around the countryside for an hour or two, during which time they drank beer, joked about guns and told the victim they had a gun, and that defendant's companion told the victim, "this is a hold-up," and took $20 from the victim's wallet.

4. **Criminal Law § 122— additional instructions after retirement of jury**

Statements by the trial judge, in giving the jury further instructions after they had begun their deliberations, that it was necessary for him to leave early because of a previous engagement some 120 miles away, and that "I am going to have to let you go home and come back here in the morning and resume your deliberations on this case unless you think you can finish it in 5 minutes," *held* not to constitute prejudicial error where the judge also twice told the jury that he was in no hurry, and it does not appear that the jury was rushed by the "5 minutes" admonition because they thereafter deliberated for 27 minutes before returning a verdict.

APPEAL by defendant from *Hobgood, Judge,* 6 December 1971 Session of ORANGE Superior Court.

Defendant was charged with armed robbery in one indictment and with breaking and entering and larceny in another indictment. The jury returned a verdict of guilty of common law robbery. From judgment imprisoning defendant for not less than seven nor more than ten years, he appealed.

*Attorney General Robert Morgan by Associate Attorney Thomas E. Kane for the State.*

*Norman E. Williams and Charles Darsie for defendant appellant.*

BRITT, Judge.

The evidence presented at trial by the State tended to show: Alexander Preston, the operator of Jeff's Campus Confectionary in Chapel Hill, asked defendant and Dennis Andrews, two patrons of the store, to give him a ride home. Instead of taking Preston home defendant drove him around the country-

side for an hour or two, purchased some beer, allowed the car to slide into a ditch, and had the car pulled out before returning Preston to a parking lot near the rear of the confectionary. During this time defendant and Andrews joked about guns and made out like they had a gun; Andrews then told Preston, "this is a hold-up" and took twenty dollars from Preston's wallet. Andrews then demanded the key to the confectionary and when Preston hestitated, defendant tried to choke Preston with a towel forcing him to give the key to Andrews. Defendant kept Preston in the car while Andrews went into the store. After about twenty minutes defendant and Preston went to find Andrews. They entered the store and found that Andrews had filled his pockets with money; defendant told Andrews he was returning to the car whereupon when defendant and Preston walked outside Preston ducked into a theater and yelled for the police. Defendant and Andrews ran.

Defendant testified that he rode Preston around with Andrews and waited in the car while Andrews went to get some beer; that a little later they went to check on Andrews and when Preston saw Andrews taking money from the confectionary started yelling, "it's a hold-up." Defendant ran and later turned himself in to the police. Defendant claimed he had no knowledge that Andrews had the key to the confectionary.

[1]  Defendant assigns as error the failure of the court to allow his motion to quash the indictment charging him with armed robbery because the indictment does not indicate "x" marks beside the names of the witnesses. Defendant contends that this shows that no competent evidence was presented to the grand jury. We do not agree with this contention. The provisions of G.S. 9-25 that the foreman of the grand jury shall mark on the bill the names of the witnesses sworn and examined before the grand jury are directory and not mandatory, *State v. Mitchell*, 260 N.C. 235, 132 S.E. 2d 481 (1963), and the mere absence of such an endorsement is not sufficient to overcome the presumption of validity of the indictment arising from its return by the grand jury as "a true bill."

[2]  Defendant next assigns as error the admission into evidence of the testimony of Alexander Preston pertaining to the trial of Dennis Andrews. Mr. Preston testified that Andrews pleaded guilty at his trial. Assuming *arguendo* that this testi-

mony was improper defendant waived his objection to the testimony. On recross-examination, defense counsel asked Preston, "Dennis Andrews pleaded guilty, did he not?" to which Preston replied, "Yes, he did." The admission of testimony over objection is harmless where the defendant elicits similar testimony on cross-examination. *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1967) ; *State v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264 (1954).

[3] Defendant contends that the court erred in signing the judgment for that the evidence does not support the verdict. Specifically, defendant contends that the victim was not intimidated, placed in fear or subjected to any force. In *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965) the court stated: "Generally, the element of force in the offense of robbery may be actual or constructive . . . . Under constructive forces are included 'all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking . . . . No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.' " (Citations.) We hold that the evidence here of two much younger men taking a 75 year old man on a wild ride, while drinking and joking about having a gun and then stating that this was a hold-up before taking twenty dollars from his wallet was plenary to survive the motions for nonsuit as to common law robbery and to support the verdict.

[4] Defendant assigns as error the following instruction to the jury:

"Let me tell you this. I have heretofore for a month planned to leave here today at 4 o'clock because of an engagement I have, and it is necessary for me to travel. That engagement is at 6:30. It is necessary for me to travel a hundred 20 miles between now and then. So I regret it, but I am going to have to let you go home and come back here in the morning and resume your deliberations on this case unless you think you can finish it in 5 minutes.

I am in no hurry whatsoever. You go back. I am in no hurry whatsoever. We can come back in the morning."

Defendant contends that the quoted instruction amounted to commenting on the evidence and influenced the jury to hurry in their deliberations which resulted in a hasty and inconsistent verdict. We do not agree with this contention.

The record discloses that the jury received the case at 2:43 p.m. and returned to the courtroom at 3:15 p.m. for further instructions. After the trial judge provided additional brief instructions he made the comments above quoted. The jury then retired at 3:23 p.m. and returned to the courtroom at 3:50 p.m. with their verdict.

Certainly we do not condone anything that has the appearance of rushing a jury to a verdict but we fail to perceive in this instance any detrimental effect the judge's words might have had upon the jury. We think the judge was merely informing the jury in advance why he might be calling them back a short while later. Furthermore, it does not appear that the jury was rushed by the "5 minutes" admonition because without further instructions from the court they stayed out for twenty-seven minutes and returned at 3:50 p.m. with their verdict. Assuming, *arguendo*, that the court erred, we do not perceive any prejudice.

Finally, defendant assigns as error certain portions of the jury charge. Suffice to say we have carefully reviewed the entire charge and considering it contextually as a whole, we find it free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.