State v. Haynes

---

STATE OF NORTH CAROLINA v. EDGAR JOHN HAYNES

No. 755SC544

(Filed 19 November 1975)

1. Robbery § 4— common law robbery — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for common law robbery where it tended to show that defendant and two companions went to a store for the purpose of robbing it, the two companions went inside while defendant remained in his car, the companions frightened the female cashier and took money from the cash register, and the defendant and his companions subsequently divided the money.

2. Criminal Law § 113— jury instructions — summary of evidence proper

The trial court in a common law robbery case did not err in his summary of what the State's evidence tended to show when he stated "that it was already discussed and understood between [defendant and his companions] that an effort would be made to take money from that establishment."

APPEAL by defendant from *Fountain, Judge*. Judgment entered 12 February 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 October 1975.

State v. Haynes

Defendant was charged in a bill of indictment with the felony of common law robbery. The jury returned a verdict of guilty of the felony of aiding and abetting in common law robbery. Defendant was sentenced to prison for a term of not less than five nor more than seven years.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*James K. Larrick, for the defendant.*

BROCK, Chief Judge.

We commend defense counsel for his care in properly arranging the record on appeal in accordance with our rules.

[1] Defendant first argues that his motion for nonsuit should have been allowed because the State failed to show that violence was used against the victim or that the victim was put in fear. He argues that either violence or putting in fear is a necessary element of common law robbery, and without proof of the common law robbery, he cannot be guilty of aiding and abetting in common law robbery. While the principles argued by defendant may be sound, we disagree with his appraisal of the State's evidence.

The State's evidence tended to show that the State's witness, Stoudemire, one Randal, and defendant went to the 7-Eleven Store on Wrightsville Avenue in Wilmington in defendant's car for the purpose of robbing the store; that Stoudemire and Randal went into the 7-Eleven Store and took the money from the cash register while defendant waited for them in his car. They then drove to Randal's house where the money was divided equally among the three.

The manager of the store, Patricia Gardner, was the only employee in the store at the time of the robbery. She testified in pertinent part as follows:

> "When Mr. Stoudemire entered my store he went around the counter. He just stood there. I don't believe he had anything in his hands at the time. I think he had a jacket over his shoulders. I don't believe he had anything else. The other gentleman who came in the store is not in the courtroom.

"The other gentleman who came in my store had a paper bag in his hand and he was holding it like a bottle, in fact I thought it was.

"Neither of them said anything to me as they entered the store. The person who had the bag came over to the counter, put his arm up on the coffee maker, the coffee maker was sitting right on the corner, and told me to open the cash registers and come from behind the counter.

"The other gentleman, Mr. Stoudemire, was in behind the counter. Not behind the counter, on the far end. As I came out, he came in. As I come from behind the counter he came in.

"He told me to open the registers and come from behind the counter and I did.

.  .  .  .

"The other gentleman who had the bag at the time he requested me to open the cash register was pointing it at me.

.  .  .  .

"When I saw the gentleman approach me with a paper bag I was afraid."

In our opinion the circumstances shown by the foregoing testimony are reasonably likely to create an apprehension of danger to the victim and to justify the victim's assertion that she was afraid.

"Generally, the element of force in the offense of robbery may be actual or constructive. Actual force implies physical violence. Under constructive force are included 'all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking . . . No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.' . . . "

*State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965); *see also State v. Tudor,* 14 N.C. App. 526, 188 S.E. 2d 583 (1972).

This assignment of error is overruled.

[2]  Defendant finally argues that there is a misstatement of a material fact in the trial judge's recapitulation of the evidence. Again defendant argues sound principles of law, but we do not agree that they are applicable to this case. In summarizing what the State's evidence tended to show, the trial judge stated "that it was already discussed and understood between them that an effort would be made to take money from that establishment." In our opinion this statement of what the State's evidence tended to show is supported by the testimony of the participant, Stoudemire, that defendant drove the three of them first to the Zip Mart; that they discussed the Zip Mart as being a "good mark" but didn't stop because it was crowded; that they then drove to the 7-Eleven Store where defendant stopped his car; that Stoudemire and Randal started into the store, and defendant said, "If you can't be good, be careful"; and that "the reason we went to that 7-Eleven Store was to rob it." This testimony gives rise to a reasonable implication that the three had already discussed and understood among them that an effort would be made to take money from that establishment. This assignment of error is overruled.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.