STATE OF NORTH CAROLINA v. DAVID E. COVINGTON

No. 795SC1021

(Filed 5 August 1980)

**Criminal Law § 118.3– no evidence offered by defendant – summarization of defendant's contentions erroneous – defendant ridiculed by court**

In a prosecution for driving under the influence where defendant offered no evidence, the trial court erred in instructing the jury that defendant contended that it was a common practice for motorists, in the early morning hours when there was little or no traffic, to exceed the speed limit and to fail to stop for red lights and that headlights were not needed because the streets were well lighted, since inherent in the court's statement of defendant's contentions was the assumption that defendant admitted that he was in fact operating a motor vehicle upon a public highway at the time the alleged offense took place and that he was driving his car without lights at an excessive speed, and the court's assumption in stating defendant's contentions that he admitted certain essential elements of the State's case was error, particularly where the manner in which those contentions were stated had the effect of ridiculing defendant before the jury.

APPEAL by defendant from *Small, Judge.* Judgment entered 11 June 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 March 1980.

Defendant was tried and convicted in District Court, New Hanover County, upon his plea of not guilty to a charge of driving under the influence of intoxicating liquor. He appealed to the superior court for trial de novo and the case was heard before a jury. At trial the State presented evidence as follows:

On 14 January 1979 at approximately 2:38 a.m., Officer Shay, a Wilmington police officer, was traveling in his patrol car west on Greenfield Street in Wilmington toward Thirteenth Street. As he approached Thirteenth Street, a vehicle driven by defendant approached from his right at the intersection and ran a red light. Defendant appeared to be exceeding the speed limit. Officer Shay turned south onto Thirteenth Street, turned his blue light on, and pursued defendant's vehicle. He followed defendant as he traveled south on Thirteenth Street, turned left onto Willard Street, and then left at Fifteenth Street. At that point Officer Shay saw defendant pull his car to the right hand side of the road and stop, and Shay pulled up behind the

car. Defendant got out of the vehicle. Although Officer Shay told him twice to stop, defendant began "a wobbling jog" towards some apartments to the left of where he had parked his car. Officer Shay drove the police car over curbs, grass and down through some driveway and then saw defendant run behind one of the apartment buildings. Defendant tripped and fell several times, but then got back up and ran towards another street. Officer Shay was prevented from driving further to follow defendant because an apartment building and fence were in the way. When Shay finally reached defendant, he had been stopped by another Wilmington police officer on foot. Both police officers testified that defendant had a strong odor of alcohol on his breath, his speech was slurred, and he was unsteady on his feet. Defendant was arrested.

Defendant offered no evidence at trial. The jury returned a verdict of guilty of driving under the influence of intoxicating liquor. From judgment imposing an active prison sentence defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Amos C. Dawson III for the State.*

*Harold P. Laing for defendant appellant.*

PARKER, Judge.

While instructing the jury on the lesser included offense of reckless driving, the trial judge stated the contentions of the state and then stated the following:

The defendant, on the other hand, contends that you should not find him guilty of this. The defendant contending that at this time in the morning on a street such as Greenfield Street and 13th Avenue that there was very little or no traffic. In fact, there is no evidence there was any other traffic other than the police cruiser and one other vehicle, and the defendant contends that it is common practice for all motorists at such early hour in the morning to exceed the speed limit in safety and without worrying about other vehicles coming in contact with him, and that it

State v. Covington

was not necessary to have on headlights, due to the fact that the street is a well lighted area, and consequently, he was in town and headlights are not needed for the safe operation of a vehicle at this time of morning, and that for the same reason, since there was very [little] traffic, the defendant contends that it was not necessary to stop for the stop light, and the defendant contends that you should return a verdict of not guilty as to all charges.

Generally objections to statements of the contentions of the parties not made at the time of trial so as to permit the court to correct them are deemed waived. *State v. Williams*, 279 N.C. 515, 184 S.E. 2d 282 (1971). Where, however, the court impermissibly expresses an opinion in so stating the contentions, the question may be considered for the first time on appeal. *State v. Watson*, 1 N.C. App. 250, 161 S.E. 2d 159 (1968). Defendant contends that the above-quoted portion of the charge constituted an impermissible expression of opinion by the trial judge in violation of G.S. 15A-1232.

In the present case defendant's plea of not guilty controverted and put in issue the existence of every fact essential to constitute the offense charged and cast upon the State the burden of proving all necessary elements beyond a reasonable doubt. *State v. Swaringen*, 249 N.C. 38, 105 S.E. 2d 99 (1958). Inherent in the court's statement of defendant's contentions was the assumption that defendant admitted that he was in fact operating a motor vehicle upon a public highway at the time the alleged offense took place, and that he was driving his car without lights at an excessive speed. Defendant did not testify at trial, and the court's assumption in stating defendant's contentions that he admitted certain essential elements of the State's case was error, particularly where the manner in which those contentions were stated had the effect of ridiculing the defendant before the jury. As stated by Justice Sharp (later Chief Justice) in *State v. Douglas*, 268 N.C. 267, 150 S.E. 2d 412 (1966):

In a case where the State's evidence seems to establish defendant's guilt conclusively, and the judge must strain credulity to state any contrary contention for defendant,

State v. Covington

his obvious solution is to state no contentions at all. A simple explanation of the plea of not guilty will fulfill the requirement. As every trial lawyer knows, a judge can indicate to the jury what impression the evidence has made on his mind and what deductions he thinks it should draw from it without expressly stating his opinion in so many words. If, however, the judge intimates an opinion by his manner of stating the evidence, "by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial," he violates G.S. 1-180 [now G.S. 15A-1232] no less.

268 N.C. at 271, 150 S.E. 2d at 416.

The State contends that any error in the charge was harmless, since defendant was convicted of the offense of driving under the influence of intoxicating liquor and not of reckless driving, to which the portion of the charge excepted to referred. We disagree. G.S. 20-140, which defines the offense of reckless driving, states that the offense "shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended." Because of this relationship between the two offenses, the error in stating defendant's contention as to the lesser offense was likely to have affected impermissibly the verdict of guilty of the greater offense.

For the error noted above, defendant is entitled to a

New Trial.

Judges MARTIN (Harry C.) and HILL concur.