STATE OF NORTH CAROLINA v. DAVID LEE McLAIN

No. 8320SC76

(Filed 18 October 1983)

**1. Indictment and Warrant § 4.1— failure to call all witnesses marked on indictment—validity of indictment**

   The provision of G.S. 15A-626(b) stating that, in grand jury proceedings, "the clerk must call as witnesses the persons whose names are listed on the bills by the prosecutor" is merely directory, not mandatory, and an indictment was not invalid because only one of the two persons whose names were listed on the indictment was called to testify before the grand jury.

**2. Criminal Law §§ 66.11, 66.17— pretrial identification in patrol car—no unnecessary suggestiveness—independent origin of in-court identification**

   A pretrial identification procedure whereby defendant was shown to a robbery victim while sitting in a police car some 30 minutes after the robbery was not unnecessarily suggestive and did not taint the victim's in-court identification of defendant. Moreover, the in-court identification was competent as being of independent origin where the victim had plenty of time to observe the robber during the robbery in a store and had seen him in the store earlier on the night of the robbery, and where defendant was wearing the same clothing on each occasion that the victim saw him.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 15 September 1982 in Superior Court, RICHMOND County. Heard in the Court of Appeals 29 September 1983.

Defendant was tried on a bill of indictment charging him with robbery with a dangerous weapon. On 10 July 1982 at approximately 3:00 a.m., Shirley Murphy was alone in the Fast Fare in Hamlet where she worked as a cashier. A white male wearing an orange shirt and blue jeans came into the store and asked if he could look at sunglasses. The man grabbed Shirley Murphy by the hair and, while holding a penknife with a one to two inch blade to her neck, told her to open the cash register or he would kill her. When Shirley Murphy opened the register, he grabbed the money and ran out the door.

About the same time, Shirley Murphy saw a police officer in his car and ran to the door yelling to him that she had been robbed. Approximately 30 minutes later, the officer returned and told her to go to the police car to see if she could identify the person in the car. The man, who was wearing an orange shirt and who was seated next to another police officer, had been found

three houses from the Fast Fare. After observing the man in the car for 15 seconds, Shirley Murphy returned to the store and told the officer that the man in the car was the man who had robbed her. She had also seen the same man wearing the same clothes earlier that night at around 12:30 or 1:00 a.m., at which time he had remained in the store for around five minutes. The man was later identified as the defendant.

When the defendant was taken to the Hamlet Police Station, he had a strong odor of alcohol and appeared intoxicated. The defendant had been drinking to the point where the officers did not attempt to take a statement from him.

Later that morning, the officers returned to the Fast Fare and found a knife behind the store and some money in the area where the defendant was found. There was also a car registered to the defendant parked beside the Fast Fare.

The defendant was convicted of robbery with a dangerous weapon, a Class D felony, and was sentenced to 18 years. From judgment thereon, he appeals.

*Attorney General Edmisten, by Associate Attorney Charles H. Hobgood, for the State.*

*W. Reece Saunders for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to quash the bill of indictment. This contention is based on the fact that only one of two persons whose names were listed on the bill of indictment was called to testify before the grand jury. Defendant cites G.S. 15A-626(b) as controlling in this matter. That statute reads in part:

> In proceedings upon bills of indictment submitted by the prosecutor to the grand jury, the clerk must call as witnesses the persons whose names are listed on the bills by the prosecutor. . . .

The success of defendant's contention depends on whether the language of G.S. 15A-626(b) is mandatory or merely directory. In determining if a statutory provision is to be considered mandatory or directory, legislative intent will control, "and this is

usually to be ascertained not only from the phraseology of the provision, but also from the nature and purpose, and the consequences which would follow its construction one way or the other." *Art Society v. Bridges, State Auditor,* 235 N.C. 125, 130, 69 S.E. 2d 1, 5 (1952). The logical purpose of the statute is not to insure that *all* witnesses *must* be called by the clerk. The purpose of G.S. 15A-626(b) is, in fact, to provide that the clerk *only* call as witnesses persons whose names appear on the indictment.

In similar cases involving grand jury proceedings the courts have held that the applicable statutory provisions are directory, not mandatory. In *State v. Mitchell,* the court held that the provisions of G.S. 9-27 (now repealed) relating to the requirement that the foreman *shall* mark names of witnesses who appeared before the grand jury on the indictment were directory and not mandatory. 260 N.C. 235, 132 S.E. 2d 481 (1963). *See also State v. Lancaster,* 210 N.C. 584, 187 S.E. 802 (1936) and *State v. Tudor,* 14 N.C. App. 526, 188 S.E. 2d 583 (1972). We hold that defendant's motion to quash the bill of indictment was properly denied.

[2] Defendant next contends that the trial court erred in denying his motion to suppress identification testimony of Shirley Murphy. He contends that the pretrial identification which occurred in the Fast Fare parking lot was unnecessarily suggestive and tainted the in-court identification. Defendant further alleges that the pretrial identification occurred at a time when he should have been afforded the benefit of counsel. We disagree with both aspects of his argument. First, it was found at trial that when the officer asked Shirley Murphy to see if she could identify the person in the police car, no suggestions were made to her about that person being the actual perpetrator. Furthermore, the showing of a suspect to a witness while the suspect is in a patrol car beside a policeman is not in and of itself impermissibly suggestive. *United States v. Hines,* 455 F. 2d 1317 (D.C. Cir. 1972).

Regardless of the pretrial identification, Shirley Murphy's in-court identification of the defendant was competent since it was clearly of independent origin. *See State v. Jackson,* 306 N.C. 642, 295 S.E. 2d 383 (1982). She had had plenty of time to observe him and, in fact, had seen him earlier in the store on the night of the robbery. The defendant had been shown to her approximately 30 minutes after the robbery, and he was wearing the same clothing

on each occasion that she saw him. We find that the court proper-ly denied defendant's motion to suppress.

Defendant's contention that he was entitled to the presence of counsel when he was shown to Shirley Murphy at the scene of the crime is without merit. Counsel for indigents is required at pretrial identification proceedings only after formal charges have been preferred and where the presence of the indigent was re-quired. G.S. 7A-451(b)(2). *See State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974), *death sentence vacated,* 428 U.S. 902 (1976).

Defendant's third and fourth contentions are that the court erred in failing to properly instruct the jury on the defenses of in-toxication and automatism. In both instances we find that defend-ant failed to object to the judge's charges at trial as is required by Rule 10(b)(2) of the Rules of Appellate Procedure.

We have examined defendant's remaining assignments of er-ror and have found in them no merit.

No error.

Judges WELLS and EAGLES concur.