An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-297
NORTH CAROLINA COURT OF APPEALS

Filed: 2 December 2014

STATE OF NORTH CAROLINA

v.                                  Mecklenburg County
                                    No. 12CRS230845
JAMES RONALD SNIPES


Appeal by Defendant from judgment entered 14 August 2013 by Judge Linwood O. Foust in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 September 2014.


*Attorney General Roy A. Cooper, III, by Assistant Attorney General Lauren T. Earnhardt, for the State.*

*Wait Law, P.L.L.C., by John L. Wait, for Defendant.*


DILLON, Judge.


James Ronald Snipes ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of failing to register as a sex offender.

## I. Background

The evidence tended to establish the following: Defendant pleaded guilty to second-degree rape in 1995. In 2008, Defendant signed a form acknowledging his obligation under the

sexual offender registration law to update his address on file with the Sheriff's Office within three days of a change of address.

In 2012, a deputy with the Mecklenburg County Sheriff's Office attempted to locate Defendant at his Mecklenburg County address that was on file at the Sheriff's Office. However, the deputy discovered that Defendant no longer resided at that location. Further, there was no record of Defendant ever updating his address with the Sheriff's Office.

Defendant was indicted for the felonious failure to register as a sex offender. Defendant pleaded not guilty, declining to stipulate to his 1995 rape conviction. Defendant was tried by a jury, who found him guilty of the charge. The trial court sentenced him to imprisonment for twenty-five to thirty-nine months. Defendant filed his notice of appeal in open court.

## II. Analysis

In Defendant's sole argument on appeal, he contends that the trial court erred by making certain remarks during jury selection which had the effect of relieving the State of its burden of proving that Defendant had been previously been convicted of a reportable offense. While we agree that the

trial court's comments were erroneous, Defendant must show that the error was prejudicial. He has failed to meet this burden.

Defendant was convicted for willfully failing to comply with the sex offender registration law, codified at N.C. Gen. Stat. § 14-208.11. One of the elements of that crime is that the defendant had previously been convicted of a reportable offense which required the defendant to register. *Id.* In the present case, Defendant did not stipulate as to this element. Accordingly, the State bore the burden of proving beyond a reasonable doubt that Defendant had committed a crime requiring him to register.

Defendant argues that the trial court made improper comments during jury selection which amounted to the court's opinion that Defendant had committed a reportable offense. Specifically, Defendant points to the following colloquy between a potential juror and the trial court:

> THE COURT: Do either of you know any reason why you can't sit on this jury where the defendant is charged with failing to register as a sex offender? Can you be fair to both the State and the defendant?
>
> JUROR NO. 6: I – one of the questions that was asked was if you checked the registry. I do. I work as a secretary at a school. That's part of my responsibilities [*sic*] so I do check it regularly. And I have very close family members and friends who are

victims of sexual abuse.

THE COURT: Okay. This defendant is charged with failure to register as a sex offender. So one thing that is – **you can take it as true that the defendant has been convicted of being a sex offender.** Is there anything about that, that he is a sex offender, that would cause you not to be able to be fair to him and the State in determining another issue, which would be whether or not he registered?

JUROR NO. 6: To be honest, I don't think so because it's a, frankly, closeness I have with family members and friends. And I know what they went through.

THE COURT: All right. You may stand down.

(emphasis added).

We follow the well-established rule that a trial court may not assume the existence of a material fact in controversy. N.C. Gen. Stat. § 15A-1232 (2013); *State v. Cuthrell*, 235 N.C. 173, 174, 69 S.E.2d 233, 234 (1952). This rule applies not only to the court's charge to the jury after the close of the evidence, but throughout the proceedings, beginning with the court's preliminary qualification of jurors. *State v. Canipe*, 240 N.C. 60, 64, 81 S.E.2d 173, 176-77 (1954). Nonetheless, the existence of a single errant statement by the trial court does not necessarily compel a new trial. *State v. Foster*, 284 N.C. 259, 276, 200 S.E.2d 782, 795 (1973). Instead, "an appellate

court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury." *State v. Alston*, 294 N.C. 577, 593, 243 S.E.2d 354, 364-65 (1978).

An impermissible expression of opinion on the evidence is fully reviewable on appeal regardless of a defendant's failure to raise an objection at trial and preserve the issue. *State v. Young*, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989). The defendant bears the burden of demonstrating that the remarks of the trial judge were prejudicial. *State v. Lofton*, 66 N.C. App. 79, 84-85, 310 S.E.2d 633, 636-37 (1984). That is, "[a] remark by the court is not grounds for a new trial if, when considered in the light of the circumstances under which it was made, it could not have prejudiced defendant's case." *State v. King*, 311 N.C. 603, 618, 320 S.E.2d 1, 11 (1984).

Defendant cites *State v. Swaringen*, 249 N.C. 38, 105 S.E.2d 99 (1958), for the proposition that the establishment of an element of a crime by the trial court entitles the defendant to a new trial, arguing that the court's errant remark in this case relieved the State of its burden to prove the existence of the underlying sexual offense, an element of the crime of failing to register. In *Swaringen*, the defendant was charged with driving

while intoxicated and the court instructed the jury that "the defendant [] was the driver of the vehicle," thus removing one of the facts controverted by the defendant's plea of not guilty from the jury's determination. *Id.* at 40-41, 105 S.E.2d at 101. Accordingly, our Supreme Court concluded that the defendant was entitled to a new trial. *Id.* at 41, 105 S.E.2d at 101.

Of the fifteen cases cited in Defendant's brief, in only one was a new trial granted because the trial judge made inappropriate remarks during jury selection. *See Canipe*, 240 N.C. at 65-66, 81 S.E.2d at 177-78. In *Canipe*, to ascertain the potential jurors' views on capital punishment, the judge referenced two examples of particularly horrendous and highly publicized crimes and asked the potential jurors whether they believed capital punishment would have been appropriate in those cases. *Id.* at 60-62, 81 S.E.2d at 174-76. Although the judge was cautious to disclaim any comparison of the facts of those cases to the one at bar, our Supreme Court granted the defendant a new trial, explaining that

> the questions had a logical tendency to implant in the minds of the trial jurors the convictions that the presiding judge believed that the prisoner had killed his wife in an atrocious manner, that the prisoner was guilty of murder in the first degree, and that the prisoner ought to suffer death for his crime.

*Id.* at 65, 81 S.E.2d at 178. Thus, our Supreme Court in *Canipe* concluded that the very nature of the questions in that case were such that the prejudice resulting from them was immediate and incurable. *See id.* at 66, 81 S.E.2d at 178.

However, in the overwhelming majority of cases where the appellate courts of this State have granted new trials based on the improper expression of judicial opinion, the erroneous expression occurred during the jury charge, not during jury selection. *See, e.g.*, *State v. Mason*, 268 N.C. 423, 425, 150 S.E.2d 753, 755 (1966); *State v. Mitchell*, 260 N.C. 235, 238-39, 132 S.E.2d 481, 483 (1963); *State v. Covington*, 48 N.C. App. 209, 211-12, 268 S.E.2d 231, 233 (1980). The cases cited in Defendant's brief bear this out. *See, e.g.*, *State v. Minton*, 228 N.C. 15, 17-18, 44 S.E.2d 346, 348-49 (1947); *State v. Ellison*, 226 N.C. 628, 631, 39 S.E.2d 824, 827 (1946); *State v. Brinkley*, 10 N.C. App. 160, 161, 177 S.E.2d 727, 728 (1970); *State v. Patton*, 2 N.C. App. 605, 606-07, 163 S.E.2d 542, 543-44 (1968). We do not suggest that it is never appropriate to overturn a jury verdict based on inappropriate questioning by the trial judge during jury selection; indeed, *Canipe* is an example of just such a case. However, the burden of demonstrating the prejudicial effect of the trial court's

erroneous remarks always remains with the defendant. *See King*, 311 N.C. at 618, 320 S.E.2d at 11.

We are not persuaded that the trial judge's isolated, errant remark referenced above during jury selection was prejudicial. Rather, the State offered overwhelming evidence that Defendant had been convicted of the 1995 rape. Defendant never objected to the introduction of the self-authenticating indictment, arrest warrant, judgment and commitment, and transcript of plea agreement for his conviction of the 1995 rape. Nor did he object to the introduction into evidence of his signed acknowledgement of his duty to register, or dispute the authenticity of his signature on a 2005 document that lists his address as the address which was then on file with the Sheriff's Office. Nor did he object to the introduction of his signed acknowledgement of the 2008 notice informing him of the three-day time frame to update changes of address in the sex offender registry, or dispute the authenticity of his signature on that document. Further, in its instruction to the jury, the trial court was unequivocal that the State bore the burden to prove beyond a reasonable doubt that "[D]efendant had previously been convicted of a reportable offense for which the [D]efendant must register." Given the overwhelming, uncontradicted evidence

regarding Defendant's prior conviction and the jury instruction, we fail to see how the remark by the trial court during jury selection could have prejudiced Defendant's case. *See King*, 311 N.C. at 618, 320 S.E.2d at 11. Accordingly, this argument is overruled.

### III. Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judge HUNTER, Robert C. and Judge DAVIS concur.

Report per Rule 30(e).