J. C. DEITZ, JR., v. JOS. H. BOLCH AND P. C. SETZER.

(Filed 22 January, 1936.)

1. Judgments B a—Nature and requisites of judgments by consent.

A consent judgment is an agreement of the parties with the sanction of the court, having the force and effect of a judgment, and its validity depends upon the consent of the parties, either in person or by a duly authorized attorney acting within the scope of his authority, and the court has no authority to modify or amend the judgment except by consent of the parties.

DEITZ v. BOLCH.

**2. Attorney and Client B b—Scope of attorney's authority in regard to suit.**

Ordinarily an attorney has implied authority to control and manage the suit in matters of procedure and to make agreements affecting the remedy during the progress of the trial, but an attorney has no implied authority, after the termination or final disposition of the case in which he is employed, to enter an agreement materially affecting the rights of the client.

**3. Judgments K a—Held: Defendant in consent judgment was entitled to hearing on petition averring that modification of judgment was entered without his consent by attorney without authorization.**

A consent judgment was entered against two defendants, jointly and severally, upon a note, the judgment being signed by the parties and their attorneys, and approved by the court. Thereafter a modification of the judgment was entered by which the liability of one defendant was made primary and the other secondary, the modification being signed by attorneys purporting to act for the parties and approved by the court. Thereafter the defendant, whose liability was made primary by the modification of the original judgment, filed a petition alleging that the modification was made without his consent, and that the attorney purporting to act for him had not been employed by him and was without authority. Held: The petitioner was entitled to a hearing upon the petition, since the modification of the judgment was invalid, in the absence of his consent either personally or by duly authorized counsel, and whether his liability on the note was primary or secondary is immaterial, since the original judgment imposing joint and several liability upon defendants, having been consented to by both defendants, stands until modified by consent or until impeached by appropriate action.

**4. Judgments K f—**

A motion in the cause is the proper procedure to attack a consent judgment on the ground that in fact movant had not consented to the judgment, either personally or by duly authorized counsel.

APPEAL by defendant Bolch from an order entered by *Sink, J.,* at July Term, 1935, of CATAWBA.

Plaintiff J. C. Deitz, Jr., brought his action against the defendants Bolch and Setzer upon two promissory notes, each in the sum of $1,000, alleged to have been signed by Bolch and endorsed by Setzer. The defendants answered admitting the execution of the notes and alleging usury.

At the September Term, 1933, a consent judgment was entered by Warlick, J., that plaintiff recover of defendants jointly and severally $2,166.66. The consent appears on the judgment as follows: "By consent: John C. Deitz, Jr., E. B. Cline, attorney for plaintiff; Jos. H. Bolch, P. C. Setzer; D. L. Russell, Jr., attorney for defendants."

At the September Term, 1934, motion was made before Harding, J., in behalf of defendant Setzer by Thos. P. Pruitt, his attorney, to amend the Warlick judgment of September Term, 1933, so as to show that Bolch was primarily and Setzer secondarily liable thereon, and there-

DEITZ v. BOLCH.

upon judgment was rendered by Judge Harding, reciting that the action sued on was upon certain promissory notes executed by Bolch as principal and Setzer as endorser, and further that it appeared that E. B. Cline, attorney for Jno. C. Deitz, Jr., and D. Locke Russell, attorney for Jos. H. Bolch in said action, had agreed that the judgment be modified so as to adjudge Bolch primarily and Setzer secondarily liable thereon. Judgment was entered accordingly.

The consent of the parties on the Harding judgment of September, 1934, appears as follows: By consent: E. B. Cline, attorney for plaintiff; D. Locke Russell, attorney for defendant Bolch; Thos. P. Pruitt, attorney for Setzer.

On 12 March, 1935, defendant Bolch filed the following motion:

"Jos. H. Bolch, one of the defendants, after being duly sworn, respectfully showeth to the court:

"That at no time did he ever give D. Locke Russell advice or authority to change the judgment of 1933, signed by Judge Wilson Warlick, to a judgment signed by Judge Harding revoking the judgment of Judge Warlick, in the term of court for September, 1934.

"Affiant further says that the defendant Setzer is an uncle of the said D. Locke Russell, and for reasons best known to himself and defendant (Setzer), knowing that there was not a full and complete settlement between the two defendants, caused and persuaded his nephew, under the influence of parties unknown to the said Bolch and acting as his attorney without his authority, under the law this judgment is null and void for the reason that after court adjourns and the judge leaves the district he cannot change his own judgment.

"The first judgment was signed by consent and the defendant Setzer admitted that he was bound for half of the amount, and the second judgment was signed in the absence of the defendant Bolch with intent to defraud and unload on him the whole judgment.

"Wherefore, he prays that his Honor set aside the second judgment and let the original judgment signed by Judge Wilson Warlick stand."

This motion, after notice to Setzer to show cause, was referred to Sink, J., who, at the July Term, 1935, made an order denying the motion and petition of defendant Bolch, finding as a fact that defendant Bolch was the principal debtor and Setzer secondarily liable thereon, and stating that in his opinion he had no authority to grant the prayer, and that if he had the authority to act, he would hold petitioner bound by the acts of his attorney.

From this ruling defendant Bolch appealed.

*Whitener & Stroupe and C. L. Whitener for defendant Bolch, appellant.*

*No counsel contra.*

DEVIN, J. The original judgment in this cause, rendered by Judge Warlick at the September Term, 1933, of Catawba Superior Court, was a consent judgment, signed not only by counsel but also personally by the plaintiff and each of the defendants.

The judgment rendered by Judge Harding at the September Term, 1934, also purports to be a consent judgment and is signed by counsel for plaintiff and by "D. Locke Russell, attorney for defendant Bolch," and by Thos. P. Pruitt, attorney for defendant Setzer.

The last mentioned judgment, entered at the September Term, 1934, is challenged by defendant Bolch on the ground that it modified and amended a judgment previously entered by consent, that the amendment injuriously affected his rights, that he was not present when rendered, that D. Locke Russell had no authority to represent him nor to consent to an amendment affecting his interest, and that D. Locke Russell, who purported to sign the judgment as his attorney, was the nephew of defendant Setzer, in whose favor the amending judgment was entered.

A consent judgment is the judgment of the court only in the sense that the court allows it to go upon the record and have the force and effect of a judgment. It is an agreement of the parties which has the sanction of the court. It derives its validity from the consent of the parties thereto; and hence the court has no power to modify or amend it except by the consent of the parties. *McEachern v. Kerchner,* 90 N. C., 177.

Consequently, the validity of the judgment rendered by Judge Harding in September, 1934, depends upon whether defendant Bolch consented to the amendment. *Edney v. Edney,* 81 N. C., 1; *Hoell v. White,* 169 N. C., 640; *Gardiner v. May,* 172 N. C., 192.

The validity of a consent judgment being based on the contract of the parties, the consent thereto by one purporting to act as attorney must have been authorized, or the attorney must have been acting within the scope of his authority in order to bind the party for whom he professed to act.

It is uniformly held that an attorney at law, by virtue of his employment as such, has control and management of the suit in matters of procedure, and may make agreements affecting the remedy he is endeavoring to pursue. *Chemical Co. v. Bass,* 175 N. C., 426; and under ordinary conditions an implied authority for such agreements during the progress of the suit is presumed from his office and employment. *Harrill v. R. R.,* 144 N. C., 542; *Gardiner v. May, supra.* But this presumed implication of authority will not be held to bind the client to a compromise materially affecting his rights entered into by the attorney without express authority, long after the final disposition of the case in which he was employed.

DEITZ *v.* BOLCH.

In *Bizzell v. Equipment Co.*, 182 N. C., 98, the law is thus stated: "In this jurisdiction it has been expressly held that when a judgment has been taken by consent of the attorney, and it appears of record that such consent is pursuant to a compromise which sensibly impairs the client's substantial rights, and on motion made in apt time, it is without express authority from the client, and even contrary to his instructions, such judgment will be set aside." *Bank v. McEwen,* 160 N. C., 414.

In the instant case, the judgment of September, 1934, amending and modifying the consent judgment of September, 1933, to the disadvantage of defendant Bolch, purporting to be by consent and signed by D. Locke Russell as his attorney, was rendered a year after the final disposition of the original action, and the verified petition of the appealing defendant Bolch alleges that the attorney was not employed by him, was without authority to represent him, and that the judgment was entered in his absence.

Though notice of the motion of defendant Bolch to set aside the amended judgment was served on defendant Setzer, the record does not show that he replied to the allegations of the petition.

While it is admitted in the original pleadings that on the notes sued on defendant Setzer was endorser only, yet he personally signed his consent that the judgment thereon should be taken against him and his codefendant jointly and severally. From this he could not be relieved except by consent of Bolch, or by some appropriate action to impeach the judgment to which he has consented, and this he has not done.

The court below was not without authority to consider the motion raised by defendant Bolch's petition, whether it be treated as motion to set aside the judgment of September, 1934, on account of inadvertence, surprise, or excusable neglect, under C. S., 600, or as irregular, or in the exercise of the power of the court to correct a mistake due to inadvertence or imposition. *Strickland v. Strickland,* 95 N. C., 471; *Cox v. Boyden,* 167 N. C., 320; *Bank v. McEwen, supra.* As was said in *Chavis v. Brown,* 174 N. C., 122: "This being an application to set aside a judgment because this Court was imposed upon by a compromise alleged to be entirely without authority, a motion in the cause supported by affidavits is the proper procedure, and a jury trial is not allowed as a matter of right."

This cause is therefore remanded to the Superior Court of Catawba County for the determination of the issue raised by the motion and verified petition of defendant Bolch, that is whether D. Locke Russell was authorized to consent for and on behalf of defendant Bolch to the judgment of September, 1934, and for such further proceedings as may be lawful and proper.

Reversed.