STATE v. LEVI BARLEY.

(Filed 5 May, 1954.)

**1. Attorney and Client § 6—**

> The relation of attorney and client rests on principles of agency and not those of guardian and ward, and while an attorney has implied authority to make procedural stipulations and decisions in the management or prosecution of an action, in the absence of special authority the attorney ordinarily has no power to enter a stipulation operating as a surrender of a substantial right of the client.

**2. Same: Criminal Law § 17c—**

> Where defendant's attorney tenders a plea of *nolo contendere,* but the defendant in apt time disavows the plea and continues to protest his innocence throughout the proceeding, the defendant is not bound by the plea and is entitled to have his day in court before a jury, and judgment entered on the plea of *nolo contendere* will be vacated on appeal.

APPEAL by defendant from *Sink, J.,* at September Term, 1953, of RANDOLPH.

Criminal prosecution tried on appeal from County Recorder's Court upon a warrant charging the defendant with transporting and having in his possession nontax-paid liquor.

The series of events on which the defendant's appeal rests is epitomized by this statement taken from the case on appeal: "The Court did not charge the jury and did not submit the case to the jury, but accepted the

plea of NOLO CONTENDERE as entered by the defendant's counsel, when and notwithstanding the defendant was insisting that he was NOT GUILTY . . ."

The foregoing statement is elucidated and explained by these further excerpts taken from the case on appeal:

"Upon inquiry of the Court the defendant announced that he was NOT GUILTY but notwithstanding this announcement the defendant's attorney, W. C. York, told the court he would enter a plea of NOLO CONTENDERE. Thereupon the defendant said, 'No, I am not guilty,' and his attorney told him, 'Let's enter a plea of NOLO CONTENDERE and then I will move to NOL PROS the case' without any explanation of the meaning of the words *'nolo contendere.'* The court accepted the plea of said attorney and thereupon the following proceedings were had": Constable A. H. Stutts, witness for the State, testified, in substance, that at the time laid in the warrant he walked up to the defendant's parked taxicab; that the defendant was under the steering wheel. Two passengers were in it. The man in the rear seat had a paper bag. "I asked him if it had liquor in it and he said 'No,' he had Coca-Colas, and I asked him to hand it to me, and he did, and the paper bag contained a one-half gallon jar of nontax-paid liquor and two bottles of Coca-Cola. . . . I talked with Barley (the defendant) and Barley said . . . the two passengers had been around back of the garage and came back to the taxi from the rear, and one got in the front seat and the one with the paper sack got in the rear seat and that he started off and drove about ten feet and then backed his taxi up to the place where he started from when the passengers came from around the building. Barley said he asked the passenger if he had liquor in that sack, and that he said, 'No' . . . he had Coca-Colas, and he said he told the passenger if he had liquor in it he would have to get out, that he could not haul liquor and would not do it, and that is what they were talking about when I went up to the taxi."

"The State rested.

"The defendant's counsel moved the court to NOL PROS the case, which motion was overruled.

"Thereupon the Court pronounced JUDGMENT: That the defendant be confined in the common jail of Randolph County for . . . three months, . . . and . . . be placed on probation for twelve months.

"The defendant insisted upon going upon the stand and was not satisfied with the plea entered by his counsel, or with the manner in which he handled the case, and thereupon . . . counsel for the defendant, with permission of the court, withdrew as counsel for the defendant.

"Thereupon the defendant went upon the stand in his own behalf and testified as follows: 'I did not enter a plea of guilty or authorize my counsel to do so. I contended then, and I contend now, that I am not

'guilty.' (The defendant then went on to deny that he had any interest in or control over the liquor and said he did not know it was in the taxi until the officer found it.) . . .

"The defendant rested."

The court pronounced judgment directing that the defendant be imprisoned and assigned to work under the supervision of the State Highway and Public Works Commission for a period of twelve months. From the judgment so entered the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*

*W. E. Gavin and Gavin, Jackson & Gavin for defendant, appellant.*

JOHNSON, J. The relation of attorney and client rests on principles of agency, and not guardian and ward. While an attorney has implied authority to make stipulations and decisions in the management or prosecution of an action, such authority is usually limited to matters of procedure, and, in the absence of special authority, ordinarily a stipulation operating as a surrender of a substantial right of the client will not be upheld. See *Deitz v. Bolch,* 209 N.C. 202, 183 S.E. 384; *Bizzell v. Equipment Co.,* 182 N.C. 98, 108 S.E. 439; 5 Am. Jur., Attorneys at Law, Sections 91 and 92.

The defendant in apt time disavowed the plea of *nolo contendere* as tendered by counsel and continued to protest his innocence throughout the proceedings below.

On the record as presented we conclude he is entitled to his day in court before a jury. To that end the judgment below will be vacated and set aside and the cause remanded for trial on the defendant's plea of not guilty.

Reversed and remanded.