## STATE v. WARNER GLENN BARNEY.

### (Filed 12 April, 1961.)

**1. Attorney and Client § 3—**

An attorney has no right, in the absence of expressed authority, to waive or surrender by agreement or otherwise the substantial rights of his client.

**2. Criminal Law § 22—**

Where an attorney of record enters a plea of guilty and thereafter advises the court that he entered the plea in good faith but that the client says that he does not now and never intended to enter a plea of guilty, and had decided to employ other counsel, it is error for the court to refuse to allow such other counsel to withdraw the plea of guilty without findings of fact in regard to whether the first attorney was authorized to enter such plea.

APPEAL by defendant from *Armstrong, J.,* 12 September Term 1960 of FORSYTH.

This is a criminal action tried upon a warrant issued on 12 July 1959 by the Clerk of the Municipal Court of the City of Winston-Salem, charging the defendant with the operation of a motor vehicle upon a public highway of North Carolina while under the influence of intoxicating liquors.

Upon conviction in the Municipal Court judgment was entered and the defendant appealed therefrom to the Superior Court.

At the September Term 1960 of the Superior Court of Forsyth County the original counsel for defendant stated to the court: "When I entered this man's plea of guilty * * * at a former term of court, I did it in good faith. He was right here in the courtroom when I did it, but he says now that he does not and never intended to enter a plea of guilty. He says now he wants to employ other counsel."

The court granted the defendant permission to employ other counsel provided he do so by 2:00 o'clock that same day. That afternoon, 12 September 1960, present counsel for defendant requested the court for permission to withdraw the plea of guilty entered by former counsel at the 23 May Term 1960 of the Forsyth County Superior Court on the ground that the defendant had not authorized the entry of a plea of guilty.

The court refused to allow the plea to be withdrawn and proceeded to hear evidence and impose sentence. No evidence was heard or facts found bearing on the question as to whether or not the defendant had authorized or consented to the entry of the plea of guilty. Moreover,

the record does not show the minutes of the May Term 1960 setting forth that the plea of guilty was entered at that term.

The defendant appeals, assigning error.

*Attorney General Bruton for the State.*
*Harold R. Wilson for defendant.*

PER CURIAM. An attorney has no right, in the absence of express authority, to waive or surrender by agreement or otherwise the substantial rights of his client. *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860.

This Court said in *S. v. Barley,* 240 N.C. 253, 81 S.E. 2d 772: "The relation of attorney and client rests upon principles of agency, and not guardian and ward. While an attorney has implied authority to make stipulations and decisions in the management or prosecution of an action, such authority is usually limited to matters of procedure, and, in the absence of special authority, ordinarily a stipulation operating as a surrender of a substantial right of the client will not be upheld."

It will be noted that while former counsel for defendant stated in open court that he entered the plea of guilty in good faith, he did not say that he had been authorized to enter such plea.

The judgment entered below will be vacated and set aside and the cause remanded to the end that the court below may find the facts and determine whether or not the plea entered at the May Term 1960 was authorized.

Reversed and remanded.