STATE v. GRELIA ARTHUR MASON.

(Filed 2 November, 1966.)

**1. Criminal Law § 23—**

　Defendant's plea of not guilty puts in issue each element of the crime charged.

**2. Bastards § 4—**

　In a prosecution under G.S. 49-2, the burden is upon the State upon defendant's plea of not guilty to prove not only that defendant is the father of the child and had refused or neglected to support the child, but further that his refusal or neglect was wilful.

**3. Bastards § 7—**

　In a prosecution under G.S. 49-2, an instruction that the jury should find defendant guilty if it found from the evidence beyond a reasonable doubt that defendant was the father of the child, without submitting the question of whether defendant wilfully refused to support the child, must be held for prejudicial error, and the fact that defendant's counsel, during a spontaneous exchange between the counsel and the judge in the course of the charge, assented that the question of paternity was the sole question to be decided by the jury, does not affect this result.

**4. Constitutional Law § 37—**

　After plea of not guilty, defendant may not, without changing his plea, waive his constitutional right of trial by jury on every issue raised.

**5. Attorney and Client § 3—**

　An attorney may not during a spontaneous exchange between the attorney and the court during the progress of the charge and without opportunity for a conference with the client, waive or surrender the requirement that the State prove one of the essential elements of the offense charged.

APPEAL by defendant from *Burgwyn, E.J.,* February 1966 Conflict Session of EDGECOMBE.

Defendant was charged with wilfully failing to support his illegitimate child in violation of G.S. 49-2, which reads: "Any parent who wilfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject

to such penalties as are hereinafter provided. A child within the meaning of this article shall be any person less than eighteen years of age and any person whom either parent might be required under the laws of North Carolina to support and maintain as if such child were the legitimate child of such parent." The defendant entered a plea of not guilty.

The State offered evidence tending to show that defendant was the father of the illegitimate child of the prosecuting witness. Defendant denied paternity of the child and further denied that prosecutrix had made demand of him for support prior to the issuance of the original warrant.

From verdict of guilty and judgment entered, the defendant appeals, assigning errors.

*Attorney General Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Elreta Melton Alexander and E. L. Alston, Jr., for defendant appellant.*

BRANCH, J. The defendant's principal assignments of error relate to the charge to the jury and present the question: Did the court below err in failing to charge the jury that in order to find defendant guilty, it must be satisfied beyond a reasonable doubt that defendant wilfully failed, after demand made of him, to support his illegitimate child?

Pertinent excerpts from the trial judge's charge necessary for our consideration are:

> "Now in this case, as I understand it, and if I misunderstand it I wish counsel for the defendant and for the State to correct me, there is only one question for you gentlemen to determine, and that is, is the defendant named in the warrant the father of the illegitimate child of the prosecuting witness, Winnie Johnson? He not claiming to have attempted to support it, but denies the paternity of the child as to himself. Is that correct?"
>
> Counsel for the defendant answered, "Yes, sir, your Honor."
>
> "That simplifies the matter, gentlemen, down into one question and one question alone for you to determine, and that is, is the defendant, Albert Mason, called in the warrant Grelia Mason, the father of the illegitimate child of the prosecuting witness."
>
> "(I)f you are satisfied beyond a reasonable doubt or to a moral certainty from the testimony in the case that he is the father of this child, it will become your duty to find him guilty."

"If you are satisfied from this testimony and beyond a reasonable doubt, as that has been explained to you to mean, that this young man, the defendant in this case here, is in fact the father of the little child, the daughter of Winnie Johnson, it would be your duty to find him guilty."

It is elementary that "a defendant's plea of not guilty puts in issue each essential element of the crime charged." *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99. This Court in considering an appeal from a conviction under G.S. 49-2 in the case of *State v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333, speaking through Devin, J. (later C.J.), said: "In order to convict the defendant under the statute the burden was on the State to show not only that he was the father of the child, and that he had refused or neglected to support and maintain it, but further that his refusal or neglect was willful, that is, intentionally done, 'without just cause, excuse or justification,' after notice and request for support."

Again considering the charge in a prosecution under this statute, the Court held in the case of *State v. Robinson,* 245 N.C. 10, 95 S.E. 2d 126: "The court charged the jury that the defendant was on trial for unlawfully neglecting and refusing to support and maintain his illegitimate child. He made no attempt to define the unlawful failure to support. He nowhere told the jury that the failure to support must be wilful. . . . (T)he oversight must be held for prejudicial error. Defendant cannot be convicted unless he wilfully neglects to support his child."

Nowhere in the charge in the instant case was there any instruction as to wilful failure after demand for support made on defendant. The circumstances under which the court gave the charge in the instant case are unusual. We must conclude that the learned and experienced trial judge relied on the statement of counsel made in open court and therefore failed to charge as to the wilful failure of the defendant to support the illegitimate child after demand made on him.

Did the concurrence of defendant's counsel in the court's statement amount to such stipulation of guilt to an essential element of the crime charged as to cure the omissions in the court's charge? We must conclude that it did not.

It has been a uniform holding of this Court that "When a defendant in a criminal prosecution in the Superior Court enters a plea of not guilty he may not, without changing his plea, waive his constitutional right of trial by jury, *S. v. Hill,* 209 N.C. 53, 182 S.E. 716, the determinative facts cannot be referred to the decision of the court even by consent—they must be found by the jury." *State v. Muse,* 219 N.C. 226, 13 S.E. 2d 229; *State v. Cox,* 265 N.C. 344, 144

S.E. 2d 63. Moreover, it appears from the record in this case that the exchange between counsel and the court was spontaneous and did not permit conference between counsel and client for authority to be granted to make such stipulation, if it were permissible. In this connection the Court has held that an attorney has no right, in the absence of express authority, to waive or surrender by agreement or otherwise the substantial rights of his client. *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860. "The relation of attorney and client rests upon principles of agency, and not guardian and ward. While an attorney has implied authority to make stipulations and decisions in the management or prosecution of an action, such authority is usually limited to matters of procedure, and, in the absence of special authority, ordinarily a stipulation operating as a surrender of a substantial right of the client will not be upheld." *State v. Barley,* 240 N.C. 253, 81 S.E. 2d 772.

For the errors pointed out there must be a

New trial.