**Robert Lee COX, Petitioner,**

v.

**J.V. TURLINGTON, Attorney General of North Carolina, et al., Respondents.**

**No. 85–14–HC.**

United States District Court, E.D. North Carolina, Raleigh Division.

Dec. 10, 1986.

William W. Plyler, McMillan, Kimzey, Smith & Roten, Raleigh, N.C., for petitioner.

Richard N. League, Sp. Deputy Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for respondents.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Petitioner Robert Lee Cox is a prisoner of the State of North Carolina currently incarcerated at the Pender County Correctional Unit in Burgaw, North Carolina. He has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On September 14, 1981, the petitioner was indicted by a Wayne County grand jury. He was the defendant in cases 81–CRS–8925 and 81–CRS–8926, both of which charged him with breaking and entering and with larceny.

On September 17, 1981, the petitioner was arraigned in Wayne County Superior Court. The petitioner pleaded not guilty, and an order was entered setting the case for trial and allowing the defendant time to file motions and to initiate discovery. Pre-siding at the petitioner's arraignment was Judge R. Michael Bruce. Judge Bruce was soon to play a critical and improbable role in the peculiar controversy which forms the basis for Mr. Cox's petition.

The petitioner's trial took place at the 9 November 1981 Session of Superior Court for Wayne County, the Honorable Napoleon B. Barefoot, Judge Presiding. The petitioner was represented at trial by John W. Dees, a court-appointed counsel. By a remarkable coincidence, Judge Bruce, the same man who had presided over Cox's arraignment, was called to sit as a petit juror at Cox's trial. During voir dire, Judge Bruce was examined by both the district attorney and defense counsel. Although it was well known to the trial judge and all counsel involved that Judge Bruce presided at the arraignment and entered an order on discovery, none of the participants elected to exclude Judge Bruce from sitting on the jury. The petitioner, through counsel, neither challenged any juror for cause nor exercised any peremptory challenges, and Judge Bruce was impaneled with the rest of the jury.

At the close of the trial, the jury found the petitioner guilty of felonious breaking and entering in both cases 81–CRS–8925 and 81–CRS–8926. Cox was also found guilty of felonious larceny in both cases. Cox was sentenced to three consecutive sentences of not less than four nor more than six years in prison. Cox unsuccessfully appealed his convictions in the North Carolina Court of Appeals. *State v. Cox,* 59 N.C.App. 239, 295 S.E.2d 782 (1982). He then petitioned the North Carolina Supreme Court for a writ of certiorari, which was denied, 307 N.C. 578, 299 S.E.2d 647 (1983). This appeal did not raise the issue of Judge Bruce's presence on the jury.

Petitioner has filed a number of *pro se* post-conviction motions alleging that Judge Bruce's inclusion on the jury violated his constitutional rights. Mr. Cox invoked this argument in a petition for *habeas corpus* which he filed in state court on February 6, 1984. This was denied by the superior court on the grounds that the petitioner

had failed to challenge the questioned juror and had failed to show any bias on the part of that juror. A later petition filed March 19, 1984 in state court alleged that the failure of defense counsel to remove Judge Bruce from the jury violated his right to procedural due process as guaranteed by the Fourteenth Amendment. Liberally construed, the petition also alleged that petitioner had been ineffectively assisted by counsel. This petition was denied on May 17, 1984. On November 9, 1984, the petitioner made his final attempt to obtain relief from the state courts. In his final petition to the state for *habeas* relief, the petitioner renewed the allegations of the two previous petitioners but raised no additional grounds for relief. The petitioner's motion for appropriate relief was denied on November 29, 1984.

Cox then sought a writ of *habeas corpus* from this court, pursuant to 28 U.S.C. § 2254. The petition raises two contentions: (1) that inclusion of Judge Bruce on the jury (and, *ipso facto*, the failure of defense counsel to challenge and remove him) violated Cox's constitutional rights, and (2) that a co-defendant of Cox's altered his testimony and admitted guilt during trial in order to receive a lesser sentence. It is unnecessary here to reach the latter contention. Cox also made a motion for the appointment of counsel. The state timely answered and moved to dismiss. In an order dated January 2, 1986, this court denied the state's motion to dismiss and granted Cox's motion for appointment of counsel.

## I.

■ This court takes notice of the fact that the petitioner failed to exhaust his state remedies before resorting to this court. In the ordinary circumstance, it is settled law that a *habeas corpus* petition by a person detained pursuant to a state judgment will be entertained by a federal court only after all state law remedies, including appellate remedies, have been exhausted. *Ex parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450, 88 L.Ed. 572

(1944). An exception to this rule exists, however, when the requirement of exhaustion is expressly waived by the state. *Sweezy v. Garrison*, 694 F.2d 331 (4th Cir., 1982); *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir., 1971). The federal courts may, in the interests of justice and expedition, accept waiver of exhaustion by the state. *Jenkins, supra*, 440 F.2d at 1189. This case raises unique and sensitive constitutional issues regarding the meaning of an impartial jury trial under the Sixth Amendment and of due process of law under the Fifth and Fourteenth Amendments. Because of the failure of the petitioner to exhaust his state remedies and the state's waiver of exhaustion, no appeals court in the State of North Carolina has been given the opportunity to address the propriety of allowing a judge who has presided over some stages of a case to sit as a juror at the trial of that case. It is regrettable that the state did not insist on presenting this to the state appellate courts. An unfortunate aspect of the waiver doctrine is that it enables the unartful procedure of the petitioner and the discretion of the respondent effectively to oust the state court of jurisdiction. However, upon the insistence of the state, this court will honor the state's express waiver of exhaustion. Given this waiver, the petition is properly before this court, which will now address the merits of the petition.

## II.

There are few principles more vitally important to our system of criminal justice than the right to trial by an impartial jury. The framers of the Constitution highly valued the insulation of justice from the power of government that results from trial by a jury of one's peers. They knew from history and experience the necessity of protecting citizens from baseless criminal charges brought by governments intent on eliminating their enemies. *Duncan v. Louisiana*, 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968). The framers therefore took great care to remove the fate of the criminal defendant from the whim of governmental authority. One way

in which this protection was created was through the establishment of an independent judiciary. However, this alone was not enough. For the accused to be truly protected from the arbitrary sweep of government power, other protections were needed. One such protection is provided by the petit jury. Perhaps more than any other institution, the jury keeps the power of the state over the individual from becoming plenary. The right to trial by jury prevents the life and liberty of a person accused of crime from being committed solely into the hands of a judge or group of judges. *Duncan, supra*, 391 U.S. at 156, 88 S.Ct. at 1451. It denies to the state the power to be prosecutor and condemnor both; it establishes members of the community as a sturdy wall between the citizen and the overbearing force of the state.

■ In this case, that wall was penetrated. Robert Lee Cox was tried and found guilty by a jury which included a judge who had earlier presided over important stages of the case. Judge Bruce arraigned the petitioner, he accepted Cox's plea of not guilty, he granted Cox time to file motions and initiate discovery, and he set the case for trial. At trial, he then appeared on the jury. It is the position of this court that, once a judge presides over critical aspects of a case, he obtains the status of a presiding judge in that case. This status bars him from later serving as a juror in the very same case.

■ The question is whether Judge Bruce should have been allowed to perform both the function of judge and the function of juror on the same charges in a case. This should not be permitted. It is repugnant to the concept of a jury trial to allow the judge in a criminal case to sit on the jury in that same case. The presence on the jury of this judge/juror under these circumstances violated the rights of the petitioner guaranteed him by the Sixth Amendment to the United States Constitution.

## III.

■ Also impugned were the due process rights secured to the petitioner by the North Carolina Constitution. The Constitution of the State of North Carolina guarantees that no person shall be convicted of any crime but by the unanimous verdict of a jury in open court. Constitution of the State of North Carolina, Art. I, § 24. It has been consistently held by the North Carolina courts that a jury must be comprised of twelve persons, and that a lesser number is not a jury. *State v. Hudson*, 280 N.C. 74, 185 S.E.2d 189 (1971). Moreover, "when a defendant in a criminal prosecution in the Superior Court [in North Carolina] enters a plea of not guilty, *he may not waive* his constitutional right of trial by jury" unless he changes his plea. *State v. Mason*, 268 N.C. 423, 150 S.E.2d 753 (1966) (emphasis added). Judge Bruce's participation on the jury can be viewed in either of two ways. If he is treated as an active member of the jury, he is barred from such service by the Sixth Amendment under the facts previously discussed. If his seating is considered as a legal nullity, then this court must act as if the twelfth seat in the jury box had remained vacant. If Judge Bruce's participation on the jury is viewed as null and void, the petitioner's failure to challenge Bruce was in effect an attempt at partial waiver of a jury trial. Under this view, the petitioner consented to be tried by eleven jury members and another man whose prior involvement made him a legal cipher. North Carolina law is emphatic that eleven persons cannot constitute a jury. *State v. Hudson, supra*. Yet, because Judge Bruce's previous involvement in the case rendered him incapable of being a juror in this trial, there were only eleven persons present in the box who were qualified to be there. It is the conclusion of this court that, in having a judge who previously took part in the case sit on the jury, the petitioner, in effect, attempted to waive his right to a jury trial and consented to a peculiar form of quasi-bench trial. This kind of partial waiver of a jury trial is no more permissible than a complete waiver. The

petitioner lacked the power to elect this option. In allowing Judge Bruce to sit on the jury, the trial court violated the right of the petitioner to a trial by a jury of twelve—a right which is inalienable in North Carolina. For Cox to have been convicted by such a panel denied him liberty without due process of law.

Whichever view of Judge Bruce's participation is adopted, the result is the same. Either the panel was not impartial, or it was not a jury. In either case, the petitioner was deprived of his constitutional rights under the Sixth and Fourteenth Amendments, and a writ of *habeas corpus* shall issue.

### IV.

 It is strenuously argued by the respondent that, because petitioner failed during *voir dire* to challenge the seating of Judge Bruce on the jury, he waived his claims under the Sixth and Fourteenth Amendments. This argument, while facially appealing, lacks real merit. As a judge who had conducted a portion of the proceedings in this case, Judge Bruce was automatically disqualified from sitting as a juror at Cox's trial. His fitness to serve as a juror had nothing to do with whether or not he was challenged by one of the parties. His previous role in the case should have eliminated him well before the opportunity for challenge was afforded. To disqualify Judge Bruce was the duty of the trial court, if not of the parties. If the wall between the state's authority and the citizen is to be taken seriously, no other interpretation is acceptable. The contention that petitioner failed to challenge Judge Bruce's placement on the jury is therefore inapposite.

For the foregoing reasons, the petition of Robert Lee Cox for *habeas corpus* relief is GRANTED. The petitioner's conviction will be set aside and vacated, and the respondent is instructed to discharge the petitioner from custody unless retrial of the petitioner is commenced within 90 days of the date of this order.