IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1091

 Filed: 6 August 2019

Rutherford County, Nos. 16CRS53635, 17CRS607

STATE OF NORTH CAROLINA

 v.

LAMONT EDGERTON, Defendant.

 Appeal by Defendant from judgment dated 26 April 2018 by Judge Mark E.

Powell in Rutherford County Superior Court. Heard in the Court of Appeals 25 April

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Erika N.
 Jones, for the State.

 W. Michael Spivey for Defendant-Appellant.

 INMAN, Judge.

 Felony habitual larceny, which elevates the crime of misdemeanor larceny if

the defendant has been convicted of four or more prior larcenies, does not include as

an essential element the requirement that the defendant was represented by counsel

or waived counsel in obtaining those prior larceny convictions.

 Lamont Edgerton (“Defendant”) appeals following a jury verdict finding him

guilty of habitual larceny and attaining the status of an habitual felon. Defendant

argues that (1) the indictment was facially invalid and insufficient to charge him with
 STATE V. EDGERTON

 Opinion of the Court

habitual larceny; (2) he was not properly arraigned for the charge of habitual larceny;

(3) his attorney was not authorized to stipulate to his prior larceny convictions; (4)

the State did not provide sufficient evidence to prove the charge of habitual larceny;

and (5) the use of an Automated Criminal/Infraction System printout to prove a prior

felony conviction violated the best evidence rule. After careful review of the record

and applicable law, we hold that Defendant has failed to demonstrate error.

 I. Factual and Procedural History

 The record and evidence introduced at trial reveal the following:

 On 14 September 2016, employees at Ingles Markets, Incorporated (“Ingles”)

witnessed Defendant “sticking . . . meats inside of a bag he brought in the store for

himself.” Defendant then left the store without paying for the items. One employee

followed Defendant outside and planned to identify the license plate of Defendant’s

vehicle, but Defendant made eye contact with him and the employee returned inside

the store.

 Defendant reentered the store and confronted the employees at the Ingles deli

counter. Defendant became “pretty rowdy,” asked the employees if there was a

problem, and said if there was he would “be back and take care of that problem.” Both

employees felt threatened by Defendant’s behavior and told Defendant to take the

meat. Once Defendant had left the store, they notified their management and called

the police.

 -2-
 STATE V. EDGERTON

 Opinion of the Court

 Sergeant Andy Greenway (“Sgt. Greenway”) of the Lake Lure Police

Department was dispatched to Ingles to investigate the call. He viewed surveillance

footage of the incident and recognized Defendant. Sgt. Greenway and another officer

found Defendant in front of his house with his father and sister and noticed two empty

Ingles bags in the driveway. He then arrested Defendant, who asked, “Can I not just

have my dad go back and pay for the pork chops?” Sgt. Greenway told Defendant

that it was too late for that. Defendant told Sgt. Greenway that he took the pork

chops because he had no money and wanted something nice to eat on his birthday.

 Defendant was indicted for habitual larceny and as an habitual felon. The

habitual larceny charge came on for jury trial during the 23 April 2018 session of

Rutherford County Superior Court. At the close of the State’s evidence, after

conferring with Defendant, Defendant’s counsel informed the court “for the record,

we would stipulate to the sufficient prior larcenies to arrive at the level of habitual

larceny.” On 25 April 2018 the jury returned a verdict finding Defendant guilty of

larceny.

 After the jury returned its verdict, Defendant became agitated, made

comments to the jury, and was removed from the courtroom when he got “more and

more out of control.” The court found that Defendant “was a physical threat to

everyone in the courtroom” and ruled that he had waived his right to be present.

 -3-
 STATE V. EDGERTON

 Opinion of the Court

 The habitual felon phase of the trial proceeded in Defendant’s absence.1

Defendant’s counsel declined to stipulate to Defendant’s felony record. Karla Tower,

an assistant clerk of the Rutherford County Superior Court, testified about

Defendant’s prior felony convictions and the jury found Defendant guilty of being an

habitual felon.

 The next day, the court reconvened for sentencing with Defendant present.

The court found Defendant to have a level VI prior felony record level, and sentenced

Defendant to 103 to 136 months’ imprisonment. Defendant appeals.

 II. Analysis

 A. Indictment

 Defendant argues the indictment charging him with habitual larceny was

facially invalid because it did not allege all the essential elements of the offense. We

disagree.

 Our General Statues provide that larceny of property valued $1,000 or less is

a misdemeanor, and larceny of property valued more than $1,000 is a felony. N.C.

Gen. Stat. § 14-72(a) (2017). But our statutes also provide that a charge of larceny

ordinarily classified as a misdemeanor can be elevated to a felony charge when the

defendant has committed four or more prior larcenies. The larceny must have been:

 [c]ommitted after the defendant has been convicted in this
 State or in another jurisdiction for any offense of larceny

 1 Defendant does not argue on appeal that the trial court erred in proceeding in his absence.

 -4-
 STATE V. EDGERTON

 Opinion of the Court

 under this section, or any offense deemed or punishable as
 larceny under this section, or of any substantially similar
 offense in any other jurisdiction, regardless of whether the
 prior convictions were misdemeanors, felonies, or a
 combination thereof, at least four times. A conviction shall
 not be included in the four prior convictions required under
 this subdivision unless the defendant was represented by
 counsel or waived counsel at first appearance or otherwise
 prior to trial or plea.

N.C. Gen. Stat. § 14-72(b)(6) (2017) (emphasis added). Defendant argues that the

felony indictment in this case is invalid because it did not specifically allege that he

was represented by counsel or had waived counsel in the proceedings underlying each

of his prior larceny convictions. For the reasons explained below, we hold that the

counsel requirement is not an essential element of the crime of habitual larceny and

that the indictment was therefore valid.

 A constitutionally sufficient indictment “must allege lucidly and accurately all

the essential elements of the offense endeavored to be charged.” State v. Brice, 370

NC 244, 249, 806 S.E.2d 32, 36 (2017) (citations omitted). An indictment that fails to

allege an essential element of the offense is facially invalid, thereby depriving the

trial court of jurisdiction. Id. We review a challenge to the facial validity of an

indictment de novo, State v. Williams, 368 N.C. 620, 622, 781 S.E.2d 268, 270 (2016),

considering the matter anew and freely substituting our own judgment for that of the

trial court. State v. Biber, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

 -5-
 STATE V. EDGERTON

 Opinion of the Court

 The indictment in this case alleges that Defendant did “steal, take, and carry

away 2 packs of pork products, the personal property of Ingles Markets, Inc.” and, in

a separate count, alleges that Defendant previously had been convicted of four

larceny offenses. The indictment lists the date of conviction, court, and file number

for each larceny offense. The indictment does not allege that Defendant obtained

those convictions while he was represented by counsel or had waived counsel.

 We consider whether Section 14-72(b)(6)’s counsel requirement is an essential

element of the offense, and is therefore required to be alleged in an indictment for

habitual larceny, or whether the requirement provides for an exception to criminal

liability that is not an essential element of the offense. Each provision in a statute

defining criminal behavior is not necessarily an essential element. Such provisions

may instead constitute, for example, affirmative defenses or evidentiary issues to be

proven at trial. See, e.g., State v. Sturdivant, 304 N.C. 293, 309-10, 283 S.E.2d 719,

730-31 (1981) (holding that consent is an absolute defense to kidnapping, rather than

an essential element); State v. Leaks, 240 N.C. App. 573, 578, 771 S.E.2d 795, 799

(2015) (holding the manner used by a sex offender to notify the sheriff of a change in

address is an evidentiary issue to be proven at trial, rather than an essential element

of the crime). In some instances, we have held that exceptions to criminal statutes

are “hybrid” factors, which the State is not required to allege in an indictment and

for which it bears no initial burden of proof but must rebut evidence that a defendant’s

 -6-
 STATE V. EDGERTON

 Opinion of the Court

conduct falls within the exception. See State v. Trimble, 44 N.C. App. 659, 666, 262

S.E.2d 299, 303-04 (1980).

 Allegations beyond the essential elements of a crime need not be included in

an indictment. State v. Rankin, ___ NC ___, ___, 821 S.E.2d 787, 792 (2018).

 The language of Section 14-72(b)(6) provides for an exception to the crime of

habitual larceny, removing from consideration prior convictions obtained when a

defendant was not represented by counsel and had not waived counsel. “Whether an

exception to a statutorily defined crime is an essential element of that crime or an

affirmative defense to it depends on whether the statement of the offense is complete

and definite without inclusion of the language at issue.” Id. When the statute’s

statement of the offense is complete and a subsequent clause provides an exception

to criminal liability, the exception need not be negated by the language of the

indictment. State v. Mather, 221 N.C. App. 593, 598, 728 S.E.2d 430, 434 (2012)

(citing State v. Connor, 142 N.C. 700, 701, 55 S.E. 787, 788 (1906)). There are no

“magic words” that indicate an exception to a statutory offense is a defense: “[t]he

determinative factor is the nature of the language in question.” State v. Brown, 56

N.C. App. 228, 230, 287 S.E.2d 421, 423 (1982). The question is whether the language

is part of the definition of the crime or if it withdraws a class from an already complete

definition of the crime. Id.

 -7-
 STATE V. EDGERTON

 Opinion of the Court

 This Court has employed this analysis with respect to several criminal

statutes, but we have not always focused on the same factors in making this

determination. Prior decisions have identified as relevant the manner in which the

statute and exception are drafted, Brown, 56 N.C. App. at 228, 287 S.E.2d at 421,

prior decisions that enumerate the elements of the crime, Brice, 370 N.C. at 244, 806

S.E.2d at 32, and the essential fairness of assigning an exception as a defense or as

an element, Trimble, 44 N.C. App. at 659, 262 S.E.2d at 299.

 In Brown, we examined Section 14-74 of our General Statutes, which defines

the crime of larceny by an employee. 56 N.C. App. at 230, 287 S.E.2d at 423. This

statute criminalizes the act of an employee who takes certain possessions of his

employer with the intent to steal or defraud “[p]rovided, that nothing in this section

shall extend to apprentices or servants within the age of 16 years.” N.C. Gen. Stat.

§ 14-74 (2017). We held that the exception withdrew a class of defendants—those

under sixteen years of age—from the crime of larceny by an employee, and that the

language of the statute preceding the clause completely defined the offense. Brown,

56 N.C. App. at 230-31, 287 S.E.2d at 423. Therefore, an indictment for the crime

was not required to allege the defendant’s age. Id. This Court further reasoned that

a defendant’s age “is a fact particularly within [the] defendant’s knowledge,” such

that placing the burden on the defendant to raise that exception is not an unfair

allocation of proof. Id.

 -8-
 STATE V. EDGERTON

 Opinion of the Court

 Similarly, Section 14-72(b)(6) provides a complete statement of the crime of

habitual larceny without incorporating the exception at issue. We reach this

conclusion by determining the type of criminal conduct the legislature intended to

prohibit. See Rankin, ___ N.C. at ___, 821 S.E.2d at 792. In so defining a crime, we

look to decisions by our Supreme Court enumerating its elements. See, e.g., Leaks,

240 N.C. App. at 577, 771 S.E.2d at 799.

 In Leaks, we addressed whether an indictment charging a sex offender with

failure to notify the sheriff of a change of address must allege failure to provide notice

in writing. Id. at 577-78, 771 S.E.2d at 798-99. We held that the writing requirement

is an evidentiary issue, rather than an essential element, based on a Supreme Court

decision enumerating the elements of that crime as part of its review of the sufficiency

of the evidence presented against a defendant. Id. (citing State v. Abshire, 363 N.C.

322, 328, 677 S.E.2d 444, 449, (2009)).

 With respect to Section 14-72(b)(6), we take guidance from our Supreme

Court’s recent decision in Brice, which enumerated the elements of habitual larceny:

 [A] criminal defendant is guilty of the felony of habitual
 misdemeanor larceny in the event that he or she “took the
 property of another” and “carried it away” “without the
 owner’s consent” and “with the intent to deprive the owner
 of his property permanently” after having been previously
 convicted of an eligible count of larceny on four prior
 occasions.

 -9-
 STATE V. EDGERTON

 Opinion of the Court

370 N.C. at 248-49, 806 S.E.2d at 35-36 (internal citations omitted).2 Our Supreme

Court omitted the counsel requirement in its list of the essential elements of the

offense. Id. We view this as an accurate description of the behavior our legislature

intended to criminalize: larceny by a defendant who has been previously convicted of

larceny at least four times. The counsel exception is therefore not an essential

element of habitual larceny.

 We follow the guiding principal that the elements of an offense cannot be so

defined as to place an unfair burden of proof upon the defendant. See Brown, 56 N.C.

App. at 231, 287 S.E.2d at 423. It is “substantively reasonable to ask what would be

a ‘fair’ allocation of the burden of proof, in light of due process and practical

considerations, and then assign as ‘elements’ and ‘defenses’ accordingly.” Trimble,

44 N.C. App. at 666, 262 S.E.2d at 303.

 It is not unfair to require the defendant to bear the initial burden of producing

evidence regarding representation by counsel with respect to one or more prior

larceny convictions. Eligible prior larcenies for the purposes of Section 14-72(b)(6)

include those committed at any time prior to the larceny being elevated to habitual

status, in any jurisdiction. Even when a prior larceny was committed within the same

jurisdiction as the habitual larceny case, as the assistant superior court clerk

 2 An “eligible count” refers to convictions of larceny as defined in the statute: “any offense of
larceny under this section, or any offense deemed or punishable as larceny under this section, or of
any substantially similar offense in any other jurisdiction.” N.C. Gen. Stat. § 14-72(b)(6).

 - 10 -
 STATE V. EDGERTON

 Opinion of the Court

testified, court records are purged after a period of time. Defendants are likely the

best source of information as to whether or not they were represented in proceedings

resulting in a particular prior conviction.

 Our Supreme Court’s analysis of an analogous provision in our Fair Sentencing

Act is instructive. In State v. Thompson, the Court examined the use of prior

convictions as aggravating factors during sentencing. 309 N.C. 421, 307 S.E.2d 156

(1983). Although the burden of proving the prior convictions rests on the State, the

Court held that “the initial burden of raising the issue of . . . lack of assistance of

counsel on a prior conviction is on the defendant.” Id. at 427, 307 S.E.2d at 161. The

Court allocated to the defendant the burden to object to, or move to suppress, the

admission of evidence of a prior conviction based on lack of representation because

“cases in which a defendant was convicted while indigent and unrepresented should

be the exception rather than the rule. A defendant generally will know, without

research, whether this occurred.” Id. at 426, 307 S.E.2d at 160 (quoting State v.

Green, 62 N.C. App. 1, 6 n.1, 301 S.E.2d 920, 923 n.1 (1983)). As it is not unfair to

require a defendant to raise the issue of lack of counsel when prior convictions are

being used for sentencing purposes, it is likewise not unfair to place that initial

burden on the defendant in the case of habitual larceny.

 The legislature has also spoken on this question. Our Criminal Procedure Act

provides that a defendant moving to suppress the use of a prior conviction “has the

 - 11 -
 STATE V. EDGERTON

 Opinion of the Court

burden of proving by the preponderance of the evidence that the conviction was

obtained in violation of his right to counsel.” N.C. Gen. Stat. § 15A-980(c) (2017).

This statute demonstrates a decision by our legislature that requiring a defendant to

raise the representation issue is not an unfair allocation of the burden of proof.

 Because Defendant’s appeal challenges only the validity of the indictment, and

Defendant presented no evidence regarding whether he was represented by or waived

counsel in his prior larceny cases, our analysis concludes with determining that the

counsel requirement is not an essential element of habitual larceny. We do not

address whether the defendant bears any burden on this issue beyond that of

production.3

 Based on the structure of Section 14-72(b)(6), our Supreme Court’s definition

of its elements in Brice, and the availability to defendants of information regarding

whether they had or waived counsel when they obtained prior convictions, we hold

that representation by or waiver of counsel in connection with prior larceny

 3 While some defenses place the burdens of both production and proof upon the defendant,
some only require an initial showing that shifts the burden of proof to the State. In Trimble, for
example, we examined Section 14-401 of our General Statutes, which criminalizes putting poisonous
foodstuffs in certain public places and provides that it “shall not apply” to poisons used for protecting
crops and for rat extermination. 44 N.C. App. at 664, 262 S.E.2d at 302. We held that the exception
was neither an element of the crime nor an affirmative defense, but a hybrid factor for which “the
State has no initial burden of producing evidence to show that defendant’s actions do not fall within
the exception; however, once the defendant, in a non-frivolous manner, puts forth evidence to show
that his conduct is within the exception” the burden shifts to the State. Id. at 666, 262 S.E.2d at 303-
04. Similarly, in Thompson, our Supreme Court held that a prima facie showing by a defendant that
prior convictions being used as aggravating factors were obtained in violation of the right to counsel
shifts the burden to the State to show that they were not. 309 N.C. at 428, 307 S.E.2d at 161.

 - 12 -
 STATE V. EDGERTON

 Opinion of the Court

convictions is not an essential element of felony habitual larceny as defined by N.C.

Gen. Stat. § 14-72(b)(6). The indictment in this case was not required to allege facts

regarding representation by or waiver of counsel and was sufficient to charge

Defendant with the crime of felony larceny and grant the trial court subject matter

jurisdiction.

 B. Authority to Stipulate

 Defendant additionally argues that his attorney was without authority to

stipulate to the prior convictions used to elevate his charge to habitual larceny.

Defendant analogizes this stipulation to counsel’s entry of a guilty plea or admission

of a defendant’s guilt to a jury, decisions which “must be made exclusively by the

defendant.” State v. Harbison, 315 N.C. 175, 180, 337 S.E.2d 504, 507 (1985). “[A]

decision to plead guilty must be made knowingly and voluntarily by the defendant

after full appraisal of the consequences.” Id. (citing Boykin v. Alabama, 395 U.S. 238,

23 L.Ed. 274 (1969)).

 We have expressly rejected this analogy in prior decisions. In State v.

Jernigan, the defendant, charged with habitual impaired driving, argued that the

same procedural protections that apply to guilty pleas applied when his counsel

stipulated to his previous convictions. 118 N.C. App. 240, 243-45, 455 S.E.2d 163,

165-66 (1995). We held in that case that a defendant’s attorney may stipulate to an

element of a charged crime, including previous convictions, and there is no

 - 13 -
 STATE V. EDGERTON

 Opinion of the Court

requirement that the record show the defendant personally stipulated to the element

or knowingly and voluntarily consented to the stipulation. Id. (citing State v.

Morrison, 85 N.C. App. 511, 514-15, 355 S.E.2d 182, 185 (1987)). An attorney is

presumed to have the authority to act on behalf of his client during trial, including

while stipulating to elements of a crime, and “the burden is upon the client to prove

the lack of authority to the satisfaction of the court.” Id. at 245, 455 S.E.2d at 167

(citing State v. Watson, 303 N.C. 533, 538, 279 S.E.2d 580, 583 (1981)).

 Defendant cites our Supreme Court’s decision in State v. Mason for the

proposition that “an attorney has no right, in the absence of express authority, to

waive or surrender by agreement or otherwise the substantial rights of his client.”

268 N.C. 423, 426, 150 S.E.2d 753, 755 (1966) (citation omitted). However, that same

decision makes clear that its holding is based on the fact that the waiver made by

defendant’s counsel was not a “stipulation of guilt to an essential element of the crime

charged.” Id. at 425, 150 S.E.2d at 755.

 In this case, the record does not show that Defendant’s attorney acted without

authority. The trial transcript does not support Defendant’s assertion on appeal that

he “immediately, clearly, and vigorously rejected any stipulation.” Once the State’s

evidence had concluded and the jury was allowed to leave, Defendant’s attorney

informed the trial court “for the record, we would stipulate to the sufficient prior

larcenies to arrive at the level of habitual larceny.” Defendant then interjected, “It

 - 14 -
 STATE V. EDGERTON

 Opinion of the Court

ain’t nothing but a misdemeanor larceny charge.” He explained, “It’s not no felony

larceny. Habitual larceny came out December 1, 2012. I did my time on all them

other charges.”

 Defendant’s statements immediately following his counsel’s stipulation do not

reflect a denial of the existence of those convictions or of his attorney’s authority to

stipulate to them. Instead, they reflect his legal disagreement with the use of

convictions obtained prior to the enactment of our habitual larceny statute as prior

convictions for the statute’s purposes. Defendant has not satisfied the burden of

showing his trial counsel did not have authority to stipulate to his prior larceny

convictions.

 C. Habitual Larceny Arraignment

 Defendant also argues that the trial court’s failure to arraign him as mandated

by Section 15A-928(c) of our General Statutes constitutes prejudicial error. We

disagree.

 When a defendant’s prior convictions are used to raise an offense from a lower

grade to a higher grade, thereby becoming an element of the offense, the State must

obtain a special indictment alleging the previous convictions. N.C. Gen. Stat. § 15A-

928(b) (2017). After the trial commences, and before the close of the State’s case, the

trial judge must arraign the defendant upon the special indictment and advise him

 - 15 -
 STATE V. EDGERTON

 Opinion of the Court

that he may admit the alleged convictions, deny them, or remain silent. N.C. Gen.

Stat. § 15A-928(c) (2017).

 Defendant did not object at trial to the court’s failure to arraign him. Although

this would generally preclude Defendant from raising this issue on appeal, “when a

trial court acts contrary to a statutory mandate and a defendant is prejudiced

thereby, the right to appeal the court’s action is preserved, notwithstanding

defendant’s failure to object at trial.” State v. Davis, 364 N.C. 297, 301, 698 S.E.2d

65, 67 (2010) (citations and quotations omitted). A statutory mandate automatically

preserves an issue for appellate review when it (1) requires a specific act by the trial

judge or (2) requires specific proceedings the trial judge has authority to direct. In

re E.D., ___ N.C. ___, ___, 827 S.E.2d 450, 457 (2019) (citations omitted). Because the

arraignment proceeding in question is mandated by Section 15A-928(c) of our General

Statutes, the trial court’s error is preserved for appeal if it prejudiced Defendant.

 The State does not contest that the trial court failed to formally arraign

Defendant upon the charge of habitual larceny. A trial court’s failure to arraign

defendant under Section 15A-928(c) is not per se reversible error but is analyzed for

prejudice. “If there is no doubt that defendant was fully aware of the charges against

him and was in no way prejudiced by the omission of the arraignment required by

Section 15A-928(c), the trial court’s failure to arraign defendant is not reversible

error.” Jernigan, 118 N.C. App. at 244, 455 S.E.2d at 166. The question before us,

 - 16 -
 STATE V. EDGERTON

 Opinion of the Court

both in determining if this issue was preserved for appeal and if the error is

reversible, is whether Defendant was prejudiced by the failure of the trial court to

arraign him.

 In Jernigan, the trial court failed to arraign a defendant who was charged with

habitual impaired driving. 118 N.C. App. at 243, 455 S.E.2d at 165. Because the

defendant’s attorney informed the court that he had discussed the case with the

defendant and the defendant was willing to stipulate to the charges, and the

defendant made no argument on appeal that he was not aware of the charges against

him or did not understand his rights or the effect of the stipulation, we held that he

was not prejudiced by the lack of arraignment. Id. at 245, 455 S.E.2d at 167.

 In this case, as in Jernigan, Defendant stipulated through counsel to the prior

convictions. Unlike in Jernigan, Defendant argues on appeal that he did not

understand the charges of the special indictment and was confused about the impact

of the stipulation. The record does not support this argument.

 The two purposes of the statute, informing Defendant of the prior convictions

that would be used against him and allowing him an opportunity to admit or deny

those convictions, were fulfilled in this case. As in Jernigan, the prior convictions

being used to elevate Defendant’s charge were identified with specificity in a valid

indictment, providing him with notice. 118 N.C. App. at 243, 455 S.E.2d at 166.

When the trial court addressed the question of whether Defendant wished to stipulate

 - 17 -
 STATE V. EDGERTON

 Opinion of the Court

to the prior convictions, Defendant was allowed the opportunity to admit or deny the

convictions. Defendant’s attorney requested a moment to speak with his client, they

conferred and then, through counsel, Defendant stipulated to the prior larcenies.

While Defendant protested at that time, as discussed supra, his disagreement

concerned the eligibility of convictions he had obtained prior to the enactment of the

habitual larceny statute. Defendant did not before the trial court and does not on

appeal deny the convictions. Accordingly, we find that the purposes of Section 15A-

928(c) were satisfied and Defendant was not prejudiced by the trial court’s failure to

arraign him on his prior convictions.

 D. Sufficiency of Evidence

 Defendant additionally argues that the trial court erred in denying his motion

to dismiss because the State failed to present sufficient evidence that Defendant was

represented by or had waived counsel for his previous larceny convictions.

 We review a trial court’s denial of a motion to dismiss de novo, considering the

matter anew and freely substituting our own judgment for that of the trial court.

State v. Moore, 240 N.C. App. 465, 470, 770 S.E.2d 131, 136 (2015). In reviewing a

motion to dismiss based on insufficiency of the evidence, our inquiry is “whether there

is substantial evidence (1) of each essential element of the offense charged, . . . and

(2) of defendant’s being the perpetrator of such offense.” Id. at 470-71, 770 S.E.2d at

136.

 - 18 -
 STATE V. EDGERTON

 Opinion of the Court

 In this case, the only essential element that Defendant contends the State

failed to prove was that Defendant was represented by or had waived counsel in his

prior larceny convictions. However, as discussed supra, because we hold that the

counsel requirement is not an essential element under Section 14-72(b)(6), the State

was not required to provide evidence of Defendant’s representation. Furthermore,

Defendant’s counsel stipulated to Defendant’s convictions for “sufficient prior

larcenies to arrive at the level of habitual larceny.” We therefore hold that the trial

court did not err in denying Defendant’s motion to dismiss.

 E. Best Evidence Rule

 Finally, Defendant challenges the use of an Automated Criminal/Infraction

System (“ACIS”) printout to prove one of Defendant’s prior convictions during the

habitual felon phase of Defendant’s trial. Defendant argues that the use of the

printout violates the best evidence rule, which excludes secondary evidence used to

prove the contents of a recording when the original recording is available. See N.C.

Gen. Stat. § 8C-1, Rules 1002-1004 (2017).

 When a defendant is charged with attaining the status of habitual felon, the

trial proceeds in two phases. N.C. Gen. Stat. § 14-7.5 (2017). First the defendant is

tried for the underlying felony and then, if the defendant is found guilty, the

indictment charging the defendant as an habitual felon is revealed to the jury and

the trial proceeds to the second phase. Id. The State must then prove that the

 - 19 -
 STATE V. EDGERTON

 Opinion of the Court

defendant “has been convicted of or pled guilty to three felony offenses in any federal

court or state court in the United States.” N.C. Gen. Stat. § 14-7.1 (2017). The prior

convictions “may be proved by stipulation of the parties or by the original or a certified

copy of the court record of the prior conviction.” N.C. Gen. Stat. § 14-7.4(a) (2017).

 Defendant argues that Section 14-7.4 requires that a copy of judgment record

be used to prove prior convictions, and that an ACIS printout is therefore secondary

evidence that must comply with the foundational requirements of the best evidence

rule—meaning the State must establish that a copy of the judgment record could not

be “obtained by the exercise of reasonable diligence.” N.C. Gen. Stat. § 8C-1, Rule

1005 (2017). We disagree.

 This Court has previously held that a certified copy of an ACIS printout is

sufficient evidentiary proof of prior convictions under our habitual felon statute.

State v. Waycaster, ___ N.C. App. ___, ___, 818 S.E.2d 189, 195 (2018). We concluded

in Waycaster that Section 14-7.4 is permissive and allows, rather than requires, that

the proof tendered be a certified copy of the court record of the prior conviction. Id.

Accordingly, an ACIS printout, certified by the Clerk of McDowell County Superior

Court as containing information accurately reflecting the judgment, was sufficient

proof of the defendant’s prior conviction. Id. Because the evidence tendered was not

proof of the contents of another document, the best evidence rule did not bar the

admission of the printout. Id.

 - 20 -
 STATE V. EDGERTON

 Opinion of the Court

 In this case, the State similarly provided an ACIS printout evidencing

Defendant’s prior conviction. An assistant clerk testified as to its accuracy, and the

printout was a certified copy. Following Waycaster, this is competent evidence of

Defendant’s prior conviction, and was properly admitted by the trial court.

 NO ERROR.

 Judges ARROWOOD and BROOK concur.

 - 21 -